JOHN DeHART WOLLSTEIN
2415 Ala Wai Blvd., #1901
Honolulu, Hawaii 96815
Telephone: (808) 922-2478

Debtor *Pro Se*

FILED
U.S. BANKRUPTCY COURT
DISTRICT OF HAWAII

2011 SEP -2 P 2: 08

MICHAEL B. DOWLING
CLERK OF COURT

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

In re

JOHN DeHART WOLLSTEIN,

        Debtor.

)  CASE NO. 11-00098
)  (Chapter 11)
)
)  DECLARATION OF DEBTOR IN
)  OPPOSITION TO MOTION TO DISMISS
)  CASE
)
)  DATE: September 16, 2011
)  TIME: 10:00 a.m.
)  JUDGE: Hon. ROBERT J. FARIS
)

DECLARATION OF DEBTOR
IN OPPOSITION TO MOTION TO DISMISS CASE

I, JOHN DeHART WOLLSTEIN, declare and state as follows:

1. I am the Debtor in this case. I am 75 years old and have been a real estate investor in Hawaii for 45 years.

2. I am opposed to the Motion to Dismiss Case, filed by the Office of the United States Trustee on August 17, 2011.

3. My attorney, Mr. Steven Guttman, withdrew from this case and I am not sure exactly why. Apart from receiving an email informing of Mr. Guttman's intention to withdraw as counsel I had no telephone calls or meetings concerning his decision. I had raised an issue on August 12, 2011 concerning the disclosure statement and reorganization plan we had

worked on together that Mr. Guttman disagreed with. Mr. Guttman then withdrew for reasons that I don't understand. Mr. Guttman's plan for my case is 53 pages long and basically completed and ready to be filed. I need to find an attorney to make a final review of the plan and do whatever needs to be done to get it approved.

4. I have been trying to find an attorney since Mr. Guttman withdrew. My general counsel has contacted just about every Chapter 11 debtor's attorney in the State. Although some of these attorneys were interested in taking my case, they would not do so because of the short time frame before the Motion to Dismiss. I request that the Court continue the hearing on the Motion to Dismiss so that I can at least have an opportunity to obtain an attorney to respond to the Motion to Dismiss.

5. I need more time to find an attorney to handle my case, although I am hopeful that I will be able to retain an attorney prior to the hearing on September 16, 2011. In the event I cannot find replacement counsel by September 16, 2011, I am asking the Court to give me a reasonable amount of time to find new lawyer. I did not have any consultation with Mr. Guttman before he withdrew as my attorney. And I have only just learned in my search for new counsel the disastrous consequences to me if this case is converted to Chapter 7. My situation can be rehabilitated as shown in Mr. Guttman's plan. Of all my properties only two have minimal or no equity. All of the properties are insured and income producing. This is not a situation where liquidation would be reasonable, and I don't think the Motion to Dismiss demonstrates why liquidation is necessary or desirable.

6. I do not agree with the Motion to Dismiss because most of the things complained of have been corrected by Mr. Guttman. All of the schedules and "red flags" have been amended and filed. All my debts have been listed on various schedules. Each month I have

2

U.S. Bankruptcy Court - Hawaii #11-00098 Dkt # 153 Filed 09/02/11 Page 2 of 4

been filing the Monthly Operating Report. Most of the errors in my schedules came from mistakenly thinking I could file my own bankruptcy case.

7. I don't understand what is being accomplished by converting the case to Chapter 7 or dismissing it outright.

8. I don't see anything in the Motion to Dismiss that says anyone is going to be prejudiced if the case continues with a new lawyer. In fact, one of the main reasons for converting the case appears to be that the Office of the United States Trustee thinks I should have a lawyer and I shouldn't be expected to continue in Chapter 11 without counsel. I totally agree, and that is why I am trying to get another lawyer to represent me. The problem is I don't have enough time, but I know I will get an attorney soon.

9. The other thing I don't understand about the Motion to Dismiss is what will happen to my case. The Motion to Dismiss does not explain why converting my case to Chapter 7 would be good for me or why it would be good for my creditors.

10. It is true that I haven't filed my plan, but that's because my attorney withdrew just before it was due. I intend to file the plan prepared by Mr. Guttman once I get a new lawyer, and under that plan the creditors would be paid one hundred percent of their claims.

11. I am not trying to delay anything. Once Mr. Guttman became my lawyer everything that needed to be done was done. I'm basically getting close to the finish line and I need an attorney to help me across.

12. It seems unfair, especially in the absence of any prejudice, that I should be dismissed out of Chapter 11 because I can't finalize and file my plan because my attorney withdrew on the Friday the plan was scheduled to be filed. I should have the right to file my

3

U.S. Bankruptcy Court - Hawaii #11-00098 Dkt # 153 Filed 09/02/11 Page 3 of 4

plan and work my way out of my situation. I am confident there is competent counsel available to pick up the work he did for me and bring it to conclusion.

13. I can't express how much I think the Motion to Dismiss is unfair given all the circumstances of this case. But if it has to be a choice between converting to Chapter 7 or dismissal, I would prefer dismissal.

I, JOHN DeHART WOLLSTEIN do declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, September 2, 2011.

/s/ John DeHart Wollstein
JOHN DeHART WOLLSTEIN
Debtor *pro se*

4