LAW OFFICE OF BRUCE H. WAKUZAWA

BRUCE H. WAKUZAWA  #4312
735 BISHOP STREET, SUITE #226
HONOLULU, HAWAII 96813
TEL: (808) 523-1007
FAX: (808) 356-3303
EMAIIL: bruce@brucewakuzawa.com

PROPOSED SUBSTITUTING ATTORNEY
FOR DEBTOR-IN-POSSESSION
JOHN DeHART WOLLSTEIN

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | ) | CASE NO. 11-00098 |
| --- | --- | --- |
| | ) | (Chapter 11) |
| JOHN DeHART WOLLSTEIN, | ) | |
| | ) | DEBTOR'S MEMORANDUM IN |
| Debtor. | ) | OPPOSITION TO MOTION TO |
| | ) | CONVERT TO CHAPTER 7 OR |
| | ) | DISMISS CASE |
| | ) | |
| | ) | |
| | ) | DATE:     September 16, 2011 |
| | ) | TIME:     10:00 a.m. |
| | ) | JUDGE:   Hon. ROBERT J. FARIS |
| | ) | |

**DEBTOR'S MEMORANDUM IN OPPOSITION TO MOTION
TO CONVERT TO CHAPTER 7 OR DISMISS CASE**

Debtor JOHN DeHART WOLLSTEIN ("Debtor"), by and through his

proposed, substituting attorney, respectfully submits this Memorandum in

Opposition to the Office of the United States Trustee ("UST")'s Motion to Convert to Chapter 7 or Dismiss Case, filed on August 17, 2011 ("Motion")[1].

## I.   INTRODUCTION

The Motion should be denied because:

- The debtor has a 53-page working plan which he developed with prior counsel. It is substantially completed. The plan provides "for full satisfaction of the existing unsecured debt." [Docket No. 153 at 2; Docket No. 118 at 5].

- The Debtor has secured counsel, subject to approval by this Court, which moots the UST's concern of the Debtor proceeding pro se.

- The Debtor's failure to file a plan and disclosure statement within the exclusivity period is not a basis for cause pursuant to U.S.C.A §1112(b)(4)(J) as a matter of law.

- The so-called "red flags" were unintentional missteps taken while the Debtor was unrepresented by counsel. The deficiencies have been corrected and are things of the past.

---

[1] This Memorandum supplements the Debtor's Declaration in Opposition to Motion to Dismiss filed *pro se* on September 2, 2011. (Docket No. 153).

Proposed, substituting counsel is filing this Memorandum without first being approved by this Court because of the unusual circumstances of this case, *i.e.,* (1) prior counsel withdrew without filing an opposition memorandum to the Motion and (2) the hearing on the application to retain substitute counsel is set for the same date and time as the hearing on the Motion. Proposed, substitute counsel contacted Acting United States Trustee, Curtis Ching. Mr. Ching graciously said that under the circumstances, he would not object to proposed, substitute counsel's filing of this Memorandum.

## II. ARGUMENT

Chapter 11 cases are equitable in nature. *In re Ware Spaces, Inc.*, 5 B.R. 204, 206 (Bankr. D. Haw. 1980). The Court has broad discretion to grant relief under 11 U.S.C.A. § 1112(b) but only if good cause is shown that conversion or dismissal will benefit creditors and the estate:

> § 1112. Conversion or dismissal
>
> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall **convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause** unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
> (emphasis provided).

"In considering any Motion under Section 1112(b), the Court must begin by recognizing that the stated purpose of Chapter 11 is to further the rehabilitation of businesses in economic distress." *In Re Economy Cab & Tool Company, Inc.*, 44 B.R. 721, 724 (Bankr. D. Minn. 1984). "A Court should not precipitously sound the death knell for a debtor by prematurely determining that the debtor's prospects for economic revival are poor." *In Re Shockley Forest Industries, Inc.*, 5 B.R. 160, 162 (Bankr.N.D.Ga.1980). Accordingly, "[t]he burden of proof in a Motion for conversion or dismissal rests squarely upon the moving party." *In Re Economy*

3

*Cab & Tool Company, Inc.,* 44 B.R. at 724, *citing, In Re Earth Services, Inc.,* 27 B.R. 698 (Bankr. D. Vt.1983); *In Re Karl A. Neise, Inc.,* 16 B.R. 602 (Bankr. S.D.Fla.1981). *See also In re Ware Spaces, Inc.*, 5 B.R. 204 at 206 (creditor failed to meet the requirements of Section 1112(b)).

If there are any doubts, they should be construed in favor of the Debtor. *In re Austin Ocala Ltd.* 150 B.R. 279, 282 (Bankr. M.D. Fla. 1993)("[G]iven the rehabilitative purpose of chapter 11, all doubts are to be resolved in favor of the debtor.").

The UST's Motion fails to identify any specific ways in which conversion or dismissal will benefit creditors and the estate. There is not a single case cited in support of the Motion, and the only cited, statutory basis for "cause" is Section 1112(b)(4)(J) which, as discussed *infra.*, is completely irrelevant. Instead, the Motion rests solely on three generalized concerns and opinions of the UST: "In sum [1] the failure to comply with the deadline for filing a plan and disclosure statement, [2] the various 'red flags,' and [3] and the Debtor's inability to move forward in Chapter 11 without counsel, all warrant converting this case to Chapter 7 or, alternatively, dismissing the case." Motion at 2. None of these issues justifies conversion or dismissal pursuant to Section 1112(b).

**A. The Debtor's Failure To File A Plan And Disclosure Statement Within The Exclusivity Period Is Not A Basis For Conversion Or Dismissal Pursuant to Section 1112(b)(4)(J).**

The UST's cites Section 1112(b)(4)(J) as a basis for conversion or dismissal. *See* Motion at 5. The UST claims that the Debtor failed to file a plan and disclosure statement by the time fixed by the court. *Id.* However, the August 15, 2011 date was merely the end of the exclusivity period pursuant to Section 1121(d). [Docket No. 119 – Motion For An Order Pursuant to 11 U.S.C. §1121(d) Extending The Time Periods during Which Debtor Has The Exclusive Right To file A Plan And To Solicit Acceptances Thereto]. The Debtor's failure to file a plan and disclosure period within the exclusivity period does not constitute "cause" for conversion pursuant to 11 U.S.C.A §1112(b)(4)(J). *See In re Rodriguez*, 2010 Bankr. LEXIS 5009 (Bankr. P.R. 2010)("The exclusivity period the debtor has to file the plan pursuant to 11 U.S.C. §1121(b) does not constitute a mandatory deadline for purposes of Section 1112(b)(4)(J)."), *citing,* 7 Collier on Bankruptcy, ¶1112.04[6][j](16th ed. 2009). Debtor still can, and will, file his plan and disclosure statement in the very near future. The UST's sole cited statutory basis for conversion or dismissal, Section 1112(b)(4)(J), is inapplicable and irrelevant. *Id.*

**B. The Supposed "Red Flags" Provide No Basis For Conversion Or Dismissal Since they Occurred While The Debtor Was Pro Se And Have Been Corrected.**

5

The UST recites certain errors the Debtor made when filing his petition *pro se*. Motion at 2. However, the fact that a debtor commits errors during a Chapter 11 proceeding does not justify conversion or dismissal. *See Economy Cab & Tool Company, Inc.,* 44 B.R. at 725 (motion to convert denied even when the debtor initially failed to include in its reports accounts receivable for work in progress; the failure was subsequently remedied).

In the present case, every item of the UST's concern has been addressed in filings with this Court. For instance, the UST states that the Debtor failed to obtain pre-petition credit counseling on time. And while that is true, the Debtor was acting *pro se* at the time and his Certificate of Credit Counseling was filed a little over two weeks after the petition was filed. (Docket No. 20).

In Paragraph 5 of the Motion, the UST states that the Debtor's *pro se* filing was marked by numerous deficiencies. That is not unusual with court filings made by non-attorneys. Again, while that is true that certain schedules prepared by the Debtor were incomplete, once the Debtor employed an attorney all the deficiencies in the petition were corrected. *See Economy Cab & Tool Company, Inc., supra.*

Finally, the UST states that the Debtor misstated at a meeting of creditors that he had no credit card debt. Motion at 3-4. The UST suggests that the misstatement might have been intentional. This suggestion is unfair and inaccurate.

6

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 173   Filed 09/15/11   Page 6 of 9

The Debtor had no intention of making an intentionally false statement at the Meeting of Creditors. This is obvious since concealing credit card debt would serve no purpose and could have been easily discovered through a credit report. Debtors may attempt to be untruthful about assets, but who bothers to go into bankruptcy proceedings to hide their debts? The Debtor was focusing on his debit cards and became confused about the question. The Debtor believed that his oversight was corrected when his former counsel amended his schedules to reflect the credit card debt.

Moreover, the UST's issue with the Debtor's "forthrightness" is premised, in part, on his proceeding pro se without counsel: "The UST has no confidence that this Debtor can be relied upon to deal forthrightly with the Court and creditors and proceed efficiently in Chapter 11 without counsel." Motion at 5. As noted in the next section, the Debtor has secured counsel, subject to this Court's approval, allaying the UST's concern.

**C. The Debtor's Retention Of Counsel, Subject To Court Approval Moots The UST's Concern About The Debtor Proceeding Pro Se.**

The UST argues that the case should be converted or dismissed because it has doubts as to whether the Debtor can successfully proceed under Chapter 11 without counsel. Motion at 5. Debtor currently has pending an application to employ counsel, Bruce Wakuzawa, to replace Mr. Guttman. If Mr. Wakuzawa is approved, he should be able to use most, if not all of Mr. Guttman's work on the

7

plan already prepared. However, new counsel would obviously need to review the files and records in this case before an actual plan could be finalized and filed. The Debtor expects that this could be done in 60-90 days.

> **D. Even If The UST Did Establish Cause For Conversion Or Dismissal (Which It Did Not), The Motion Should Be Denied Since Unusual Circumstances Exist And There Is A Reasonable Likelihood That A Plan Will Be Confirmed.**

As noted above, the UST failed to meet its burden of proving that good cause exists for conversion or dismissal. However, even if the UST did establish its burden, conversion or dismissal should not be granted since unusual circumstances exist and there is a reasonable likelihood that a plan will be confirmed pursuant to Section 1112(b)(2). *In re Dovetail,* 2008 Bankr. LEXIS 3866 (Bankr. N.D. Ill. 2008)(unusual circumstances exist to suggest that dismissal is not in the best interest of creditors).

The unusual circumstances of this case include: (1) the Debtor has a plan, largely completed which envisions paying off all secured creditors in full; (2) an apparent miscommunication occurred between the Debtor and his former counsel such that counsel without prior warning filed a motion to withdraw on the eve of the expiration of the exclusivity period; (3) the motion to convert or dismiss was filed two days later, with the Debtor left in limbo, *i.e.,* still represented by counsel but with a motion to withdraw pending; and (4) the debtor has secured new counsel

8

on short notice, but the expedited hearing date on the application to retain counsel is the same day of the hearing of the motion to convert or dismiss.

## III. CONCLUSION

The UST has failed to meet its statutory burden of proof to justify conversion or dismissal. The Debtor has secured replacement counsel and they are diligently working on finalizing a viable plan, which should provide for complete payment to all secured creditors. The Motion should be denied. In the alternative, the Debtor requests that he and replacement counsel be given 60-90 days to finalize and submit a plan.[2] The additional time is especially warranted since the Debtor only learned that his former counsel planned to withdraw two days before the exclusivity period deadline of August 15, 2011, and the UST's Motion was filed two days thereafter. [Docket No. 119 at 2-3 and Docket No. 129].

DATED: Honolulu, Hawaii, September 15, 2011.

/s/ Bruce H. Wakuzawa
BRUCE H. WAKUZAWA
Proposed Substituting Attorney for
Debtor-in-Possession
JOHN DeHART WOLLSTEIN

---

[2] Section 1112(b)(3) provides that the Motion should be decided "not later than 15 days after commencement of such hearing, unless … compelling circumstances prevent the court from meeting the time limits established by this paragraph." As noted above, given the unusual circumstances, including the fact that new counsel was only recently retained, more time should be allowed for the Debtor to submit his plan. *See In re Ware Spaces, Inc.,* 5 B.R. at 207 (continuing hearing to dismiss "pursuant to the equity powers of the Court.").

9

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 173   Filed 09/15/11   Page 9 of 9