WAGNER CHOI & VERBRUGGE

CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
cchoi@hibklaw.com
aito@hibklaw.com

Proposed Attorneys for JOHN DEHART WOLLSTEIN,
Debtor and Debtor-in-Possession

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>JOHN DEHART WOLLSTEIN,<br><br>Debtor and<br>Debtor-in-Possession | Case No. 11-00098<br>(Chapter 11)<br><br>Judge: Hon. Robert J. Faris |

## DEBTOR'S SUBMISSION OF FIRST AMENDED
## PLAN OF REORGANIZATION DATED AS OF NOVEMBER 18, 2011

John Dehart Wollstein, debtor and debtor-in-possession ("Debtor"), by and

through his undersigned counsel, hereby submits, as Exhibit A, a redline of the

Debtor's Chapter 11 Plan of Reorganization dated as of November 18, 2011

compared to his Chapter 11 Plan of Reorganization dated September 30, 2011.

67807

DATED: Honolulu, Hawaii, November 18, 2011.

/s/ Chuck C. Choi
CHUCK C. CHOI
ALLISON A. ITO
Attorneys for Debtor and
Debtor-in-Possession

67807

2

# EXHIBIT A

WAGNER CHOI & VERBRUGGE
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com
       aito@hibklaw.com

Attorneys for Debtor
and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 11-00098 |
| JOHN DEHART WOLLSTEIN | (Chapter 11) |
| Debtor and Debtor-in-possession. | |

**DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION
DATED AS ~~SEPTEMBER 30,~~OF NOVEMBER 18, 2011;**

JOHN DEHART WOLLSTEIN, debtor and debtor-in-possession

herein (**"Debtor"**) proposes the following chapter 11 plan pursuant to section

1121(a) of the Bankruptcy Code.

67503

# I.

## DEFINITIONS AND RULES OF CONSTRUCTION

1. **Defined Terms.**

As used herein, the following terms have the respective meanings specified below (such meanings to be equally applicable to both the singular and plural, and masculine and feminine, forms of the terms defined):

1.1. **"Administrative Claims Bar Date"** has the meaning set forth in Section I.2.3 below.

1.2. **"Administrative Expense Claim"** means a claim that is for payment of any cost or expense of administration of the Chapter 11 Case, allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code, including, without limitation, any actual and necessary post-petition expense of preserving the Estate, any actual and necessary post-petition expense of operating the business of the Debtor in Possession, all compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under section 330 or 503 of the Bankruptcy Code, and any fees or charges assessed against the Estate of the Debtor under Section 1930 of chapter 123 of title 28 of the United States Code.

1.3. **"Allowed Administrative Expense Claim"** means an Administrative Expense Claim: (a) for which a request for payment is Filed on or before the Administrative Claims Bar Date and as to which no objection to such

67503

2

Administrative Expense Claim is in the amount set forth in such request; (b) that is allowed pursuant to a Final Order, in the amount set forth therein; or (c) is an Ordinary Course Administrative Expense as to which no objection has been Filed. Unless otherwise specified herein or by Final Order of the Bankruptcy Court, the amount of any Allowed Administrative Expense Claim shall not include interest on such Administrative Expense Claim accruing from and after the Petition Date.

1.4. **"Allowed Claim"** means, except as otherwise provided herein or by Final Order of the Bankruptcy Court, a Claim, proof of which was timely and properly Filed or, if no proof of claim was Filed, which has been or hereafter is listed by the Debtor in his respective Schedules as liquidated in amount and not disputed or contingent, and, in either case, as to which no objection to the allowance thereof, or request for estimation, has been interposed, and that is not otherwise a Disputed Claim.

1.5. **"Allowed General Unsecured Claim"** means a General Unsecured Claim to the extent it is or has become an Allowed Claim.

1.6. **"Allowed Secured Claim"** means a Secured Claim to the extent it is or has become an Allowed Claim.

1.7. **"Bankruptcy Code"** means Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as now in effect or hereafter amended, and as applicable to the Chapter 11 Case.

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed   11/18/11   Page 6 of 77

1.8. **"Bankruptcy Court" or "Court"** means the United States Bankruptcy Court for the District of Hawaii or, in the event such court ceases to exercise jurisdiction over the Chapter 11 Case, such other court that exercises jurisdiction over the Chapter 11 Case.

1.9. **"Bankruptcy Rules"** means, collectively, (i) the Federal Rules of Bankruptcy Procedure, as amended from time to time, as applicable to the Chapter 11 Case, and (ii) the Local Bankruptcy Rules applicable to cases pending before the Bankruptcy Court, as now in effect or hereafter amended.

1.10. **"Big Island Properties"** means collectively, the Debtor's interest in: (a) 11-2919 Makoa Road, Lot 11, Puna District, Hawaii; (b) 11-2777 Noeula Road, Lot 27, Puna District, Hawaii; and (c) 6.9 acre lot located at Old Sugar Cane Road, Puna District, Hawaii bearing TMK 3-1-1-21-62.

1.11. **"Business"** means the operation of the business by the Debtor.

1.12. **"Business Day"** means any day which is not a Saturday, a Sunday, or a "legal holiday" as defined in Bankruptcy Rule 9006(a).

1.13. **"Cash"** means legal tender of the United States of America and equivalents thereof.

1.14. **"Chapter 11 Case"** means the case under chapter 11 of the Bankruptcy Code that was commenced by the filing of a voluntary petition on

67503

4

January 14, 2011, before the Bankruptcy Court, and which case is styled, *In re John DeHart Wollstein*, and assigned Bk. No. 11-00098 (Chapter 11).

      **1.15. "Claim"** means a "claim," as defined in section 101(5) of the Bankruptcy Code, against the Debtor.

      **1.16. "Class"** means one of the Classes of Claims or Classes of Equity Interests designated in Article II of the Plan.

      **1.17 "Confirmation"** means the entry of the Confirmation Order on the docket of the Chapter 11 Case.

      **1.18. "Confirmation Date"** means the date on which the Confirmation Order is entered on the docket for the Chapter 11 Case within the meaning of Bankruptcy Rules 5003 and 9021.

      **1.19. "Confirmation Hearing"** means the hearing held by the Bankruptcy Court on Confirmation of the Plan as such hearing may be continued from time to time.

      **1.20. "Confirmation Order"** means the order of the Bankruptcy Court confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

      **1.21. "Debtor"** means John DeHart Wollstein.

      **1.22. "Disclosure Statement"** means the written disclosure statement that relates to the Plan, as approved by the Bankruptcy Court pursuant to

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed  11/18/11   Page 8 of 77

Section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017 as such disclosure statement may be amended, modified or supplemented from time to time.

1.23. **"Disbursing Agent"** means any entity acting in its capacity as a disbursing agent or successor disbursing agent under Section V.1.1. of the Plan. The Disbursing Agent under the Plan shall be Wagner Choi & Verbrugge.

1.24. **"Disputed Claim"** means, respectively, any Claim: (a) as to which a Proof of Claim has been Filed and the dollar amount of such Claim, respectively, is not specified in a fixed amount; (b) prior to the deadline to object to such Claim, as to which a Proof of Claim has been Filed and the dollar amount of such Claim is specified in a fixed liquidated amount, the extent to which the stated amount of such Claim exceeds the amount of such Claim listed in the Schedules; and (c) with respect to either a Claim that is listed in the Schedules and/or as to which a Proof of Claim has been Filed, as to which the Debtor or any other party in interest has Filed a timely objection or request for estimation in accordance with the Bankruptcy Code, the Bankruptcy Rules, and/or any order of the Bankruptcy Court, which objection or request for estimation has not been withdrawn or determined by a Final Order.

1.25. **"Ebbtide Units"** means collectively to units 101, 102, 103, 104, 108, 201, 202, 203, 204, 205, 206, 207, 208, 301, 302, 303, 304, 307, 308, 309,

U.S. Bankruptcy Court - Hawaii  #11-00098  Dkt # 253  Filed  11/18/11  Page 9 of 77

401, 402, 403, 404, 405, 406, 407, 408, 409, 410 located at 159 Kaiulani Avenue, Honolulu, Hawaii 96815, all of which are owned free and clear by Debtor or his wholly-owned entity, Wollstein Hawaiian Ebbtide Rentals LLC.

1.26. **"Effective Date"** means the first Business Day (a) on which no stay of the Confirmation Order is in effect and (b) that is at least one Business Day after the date on which the conditions specified in Article VII of the Plan have been satisfied or waived. Notwithstanding anything to the contrary herein, the Effective Date shall occur on or before the six month anniversary of the Confirmation Date.

1.27. **"Estate"** means the estate created for Debtor pursuant to section 541 of the Bankruptcy Code, and includes all includes all the property, proceeds, profits and rents resulting or derived therefrom that are acquired by the Estate or by the Debtor from the Petition Date to the Effective Date, and by the Estate on or after the Effective Date.

1.28. **"File," "Filed," "Files," or "Filing"** means properly and timely filed with the Bankruptcy Court in the Chapter 11 Case, as reflected on the official docket of the Bankruptcy Court for the Chapter 11 Case, and served on Persons, as such filing and service are required pursuant to the Bankruptcy Code, Bankruptcy Rules and/or order of the Bankruptcy Court.

1.29.  **"Final Order"** means an order or judgment of the Bankruptcy Court or other applicable court, as entered on the applicable docket, that has not been reversed, stayed, modified or amended, and as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing shall then be pending or as to which any right to appeal, petition for certiorari, reargue, or rehear shall have been waived in writing in form and substance satisfactory to the Debtor in the event that an appeal, writ of certiorari, or reargument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court or other applicable court shall have been affirmed by the highest court to which such order or judgment was appealed, or certiorari has been denied, or from which reargument or rehearing was sought, and the time to take any further appeal, petition for certiorari or move for reargument or rehearing shall have expired.

1.30.  **"General Unsecured Claim"** means any Claim that is not a Secured Claim or an Administrative Expense Claim.

1.31.  **"Georgia Properties"** means the Debtor's interest in: (a) a property located at the corner of Lake Short Drive and Mitchell Circle, Rome, Georgi 30161; (b) 1204 N. Broad Street, Rome, Georgia 30161; (c) 1206 N. Broad Street, Rome, Georgia 30161; and (d) 1208 N. Broad Street, Rome, Georgia 30161.

1.32.  **"Lien"** means any mortgage, pledge, deed of trust, assessment, lien, security interest, lease, adverse claim, levy, constructive trust claim, equitable lien, charge or other encumbrance of any kind, or any other type of preferential arrangement, easement, right of way, conditional sale contract, title retention contract, limitation, or restriction of any kind on title and ownership of property.

1.33.  **"Liquidation Fund"** shall mean the interest-bearing bank account within which will be deposited for distribution to creditors: (a) the value of the Debtor's stock holdings; (b) the excess of net proceeds after payment of secured creditors out of their collateral, and (c) all proceeds obtained from liquidating the Debtor's nonexempt assets.  The Liquidation Fund shall be administered by Wagner Choi & Verbrugge as disbursing agent.

1.34.  **"Ordinary Course Administrative Expenses"** means costs or expenses allowable under section 503(b)(1)(A) incurred for goods and services provided to the Debtor in the ordinary course of its business during the Chapter 11 Case from the Petition Date through and including the Effective Date; provided, however, that Ordinary Course Administrative Expenses shall not include Professional Fee Claims

1.35.  **"Person"** means any individual, corporation, limited liability company, general partnership, limited partnership, association, joint stock

company, joint venture, estate, trust, the United States Trustee, a government or any political subdivision, governmental unit, official committee appointed by the United States Trustee, unofficial committee of creditors, or the executors, administrators or other legal representatives of any of the foregoing.

1.36. **"Petition Date"** means January 14, 2011.

1.37. **"Plan"** means this chapter 11 plan of reorganization for the Debtor, including all exhibits hereto and all documents incorporated by reference to the Plan Supplement, either in their present form or as they may amended, or modified from time to time.

1.38. **"Plan Supplement"** means the compilation of the forms of certain documents referred to herein as specified in the Plan, as amended, modified or supplemented from time to time, which shall be filed with the Court prior to the Confirmation Hearing.

1.39. "**Pro Rata**" means proportionately so that the ratio of (a) cumulative amount of all funds distributed or to be distributed on account of a particular Allowed Claim to (b) the amount of such Allowed Claim is the same as the ration of (x) the cumulative amount of all funds distributed or to be distributed on account of all Allowed Claims in a particular Class to (y) the amount of all Allowed Claims of that Class.

U.S. Bankruptcy Court - Hawaii  #11-00098  Dkt # 253  Filed  11/18/11  Page 13 of 77

1.40. **"Professional Person"** means for purposes of this Plan, any professional person employed by the Debtor, or the Committee pursuant to sections 327 or 1103 of the Bankruptcy Code, or otherwise pursuant to an order of the Bankruptcy Court, or any professional or other Person seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case under or pursuant to section 503(b)(4) of the Bankruptcy Code.

1.41. **"Professional Fee Claim"** means a Claim under sections 330(a), 331, 503 or 1103 of the Bankruptcy Code for compensation of a Professional Person or other Person for services rendered or expenses incurred from the Petition Date in the Chapter 11 Case, through and including the Effective Date.

1.42. **"Reorganized Debtor"** means the Debtor on or after the Effective Date.

1.43. **"Right Of Action"** means any and all actions, causes of action, suits, accounts, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and claims, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly or derivatively, in law,

67503

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed   11/18/11   Page 14 of 77

equity or otherwise, and whether commenced or arising before or after the Effective Date.

1.44. **"Schedules"** means the schedules of assets and liabilities, list of equity security holders and statement of financial affairs filed by the Debtor as amended from time to time.

1.45. **"Secured Claim"** means a Claim against the Debtor to the extent of the value, as determined by the Bankruptcy Court pursuant to section 506(a) of the Bankruptcy Code, of any interest in property of the Estate securing such Claim.

1.46. **"Tango Juliet" means Tango Juliet Leasing LLC.**

2. **Interpretation; Application of Definitions and Rules of Construction.**

Unless otherwise specified, all section, article, schedule or exhibit references in this Plan are to the respective section in, article of, or schedule or exhibit to, this Plan, as the same may be amended, waived or modified from time to time.

The words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. A term used herein that is not defined herein shall have the meaning ascribed to that term, if any, in the Bankruptcy Code

67503

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed  11/18/11   Page 15 of 77

or Bankruptcy Rules and shall be construed in accordance with the rules of construction applied thereto.

**3.    Exhibits.**

All exhibits and schedules to the Plan, including, the Plan Supplement, are incorporated into and are a part of the Plan as if set forth in full herein.

**II.**

**CLASSIFICATION AND TREATMENT OF CLAIMS**

**1.    Summary of Classification and Treatment.**

Administrative Expense Claims are not classified in accordance with Section 1123(a)(1) of the Bankruptcy Code and holders of such claims are not entitled to vote to accept or reject the Plan.

**2.    Administrative Expense Claims.**

**2.1.    <u>Administrative Expense Claims.</u>**  Subject to the provisions of sections 330(a), 331 and 503(b) of the Bankruptcy Code, each Allowed Administrative Expense Claim shall be paid by the Debtor or the Reorganized Debtor, as the case may be, in full, in Cash, 30 days after the later of (i) the Effective Date, (ii) the due date thereof in accordance with its terms, (iii) the date upon which such Administrative Claim becomes an Allowed Claim, (iv) for any liability incurred in the ordinary course of business, the date upon which such

67503

13

liability is payable in the ordinary course of such Debtor's business, consistent with past practices or (v) such other date as may be agreed by the parties.

2.2. **Compensation and Reimbursement Claims.** On, or as soon as practicable after, the Effective Date, each holder of an Allowed Claim that is based upon awarded compensation or reimbursement of expenses by the Bankruptcy Court in accordance with section 330 or 331 of the Bankruptcy Code or entitled to the priority pursuant to section 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) of the Bankruptcy Code, shall be paid in full, in Cash, the amounts allowed by the Bankruptcy Court: (a) on or as soon as reasonably practicable following the later to occur of (i) the Effective Date, and (ii) the date on which the Bankruptcy Court order allowing such Claim becomes a Final Order; or (b) upon such other terms as may be mutually agreed upon between such holder of an Allowed Administrative Claim and the Debtor.

2.3. **Administrative Claim Bar Date.** Except as otherwise provided herein, unless previously Filed or paid, requests for payment of Administrative Expense Claims (other than Ordinary Course Administrative Claims) must be Filed pursuant to the procedures specified in the Confirmation Order and the notice of entry of the Confirmation Order, no later than 60 days after the Effective Date ("Administrative Claims Bar Date"); provided, however, that the Administrative Claims Bar Date may be extended from time to time upon the

mutual agreement of the Debtor and the applicable holder of an Administrative Expense Claim, or pursuant to an order of the Court. Holders of Administrative Expense Claims that are required to File a request for payment of such Administrative Expense Claims and that do not File such a request by the applicable Administrative Claims Bar Date will be forever barred from asserting such Administrative Expense Claims against the Debtor, the Estate or their respective property, and such Administrative Expense Claims will be deemed discharged ~~as~~upon completion of the ~~Effective Date~~payments provided in the Plan. Unless extended by the Bankruptcy Court or by agreement of the Debtor and the Filing party, objections to such requests must be Filed and served on the requesting party by the later of (A) 120 days after the Effective Date or (B) 60 days after the Filing of the applicable request for payment of Administrative Expense Claims.

      2.4   **Priority Tax Claims**. Except to the extent that the holder of an Allowed Priority Tax Claim agrees to a different treatment, the Debtor shall pay to each holder of an Allowed Priority Tax Claim, on account of and in full satisfaction of such Allowed Priority Tax Claim, Cash in an amount equal to such Allowed Priority Tax Claim on the later of: (i) the Effective Date; and (ii) the date such Priority Tax Claim becomes an Allowed Priority Tax Claim (or as soon thereafter as is practicable).

      3.   **Treatment of Claims and Interests.**

U.S. Bankruptcy Court - Hawaii  #11-00098  Dkt # 253  Filed 11/18/11  Page 18 of 77

The categories listed below classify Allowed Claims and Interests for all purposes, including voting, confirmation, and distribution pursuant to the Plan:

| Class | Treatment |
|---|---|
| Class 1A:  Ocwen Loan Servicing Secured Claim (445 Kaiolu Street, # 303) | Unimpaired – not entitled to vote |
| Class 1B:  Ocwen Loan Servicing  Secured Claim (445 Kaiolu Street, # 505) | Unimpaired – not entitled to vote |
| Class 1C:  Ocwen Loan Servicing  Secured Claim (445 Kaiolu Street, # 604) | Unimpaired – not entitled to vote |
| Class 1D:  Ocwen Loan Servicing Secured (91-005 Parish Drive) | Unimpaired – not entitled to vote |
| Class 2A:  Chase Bank Secured  Claim (445 Kaiolu Street, # 801) | Unimpaired – not entitled to vote |
| Class 2B:  Chase Bank Secured Claim (444 Niu Street, PH-502) | Unimpaired – not entitled to vote |
| Class 2C: Chase Bank Secured Claim (2421 Ala Wai Boulevard, # 703) | Unimpaired – not entitled to vote |
| Class 2D: Chase Bank Secured Claim (725 Piikoi Street, # 207) | Unimpaired – not entitled to vote |
| Class 2E:  Chase Bank Secured Claim (second mortgage 3206 Ahinahina Place) | Unimpaired – not entitled to vote |
| Class 3A: Bank of America Secured  Claim (445 Kaiolu Street, # 812) | Unimpaired – not entitled to vote |
| Class 3B:  Bank of America Secured Claim (3204-A Ahinahina Place) | Unimpaired – not entitled to vote |
| Class 3C:  Bank of America Secured Claim (second mortgage 3204-A Ahinahina Place) | Unimpaired – not entitled to vote |
| Class 3D:  Bank of America Secured (second mortgage on 91-005 Parish Drive) | Unimpaired – not entitled to vote |
| Class 3E: Bank of America Secured Claim (55-145 Poohaili Street) | Unimpaired – not entitled to vote |
| Class 3F:  Bank of America Secured Claim (2415 Ala Wai Boulevard, # 1903) | **Impaired** – entitled to vote |
| Class 4A: Citizens First Bank Secured Claim (1204 N. Broad Street, Rome, Georgia) | Unimpaired – not entitled to vote |

67503

16

| | |
|---|---|
| Class 4B: Citizens First Bank Secured Claim (1206 N. Broad Street, Rome, Georgia) | Unimpaired – not entitled to vote |
| Class 4C: Citizens First Bank Secured Claim (1208 N. Broad. Street, Rome, Georgia) | Unimpaired – not entitled to vote |
| Class 5: American Services Secured Claim (2421 Ala Wai Boulevard, # 702) | Unimpaired – not entitled to vote |
| Class 6: PNC Secured Claim (444 Niu Street, PH-501) | Unimpaired – not entitled to vote |
| Class 7: Jerry Doyle Secured Claim (2450 Prince Edward Street #1207A) | Unimpaired – not entitled to vote |
| Class 8: Flagstar Bank Secured Claim (91-449 Ewa Beach Road) | Unimpaired – not entitled to vote |
| Class 9: Wells Fargo Bank Secured Claim (3206 Ahinahina Place) | Unimpaired – not entitled to vote |
| Class 10: Bank of Hawaii Secured Claim (444 Niu Street, PH-504) | Unimpaired – not entitled to vote |
| Class 11A: Green Tree Servicing LLC Secured Claim (second mortgage 445 Kaiolu Street, # 801) | **Impaired** – entitled to vote |
| Class 11B: Green Tree Servicing LLC Secured Claim (second mortgage 445 Kaiolu Street, # 812) | Unimpaired – not entitled to vote |
| Class 12: Estate of Gerald Larkin Secured Claim (second mortgage on 2415 Ala Wai Boulevard, # 1903) | **Impaired** – entitled to vote |
| Class 13: Tango Juliet Leasing (second mortgages on various properties) | **Impaired** – entitled to vote |
| Class 14: General Unsecured Claims | **Impaired** – entitled to vote |
| Class 15: Mary Simpson | **Impaired** – entitled to vote |
| Class 16: Equity Interest | **Unimpaired** – not entitled to vote |

### 3.1.   Class 1A:   Allowed Ocwen Loan Servicing Secured Claim (445 Kaiolu Street, # 303).

Class 1A consists of the secured claim of Ocwen Loan Servicing in connection with the real property located at 445 Kaiolu Street, Apt. 303,

Honolulu, Hawaii 96815.  As of January 2011, the estimated balance due on this loan was $94,560.  According to the tax assessment that was in effect as of the Petition Date, the property is valued at $177,400.  The mortgage is current.  The Debtor intends to ~~sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses.  The balance of the sale proceeds after payment of Ocwen Loan Servicing's first mortgage will be paid to the holder of the second mortgage, Tango Juliet (Class 13)~~retain the property in order to allow the property to be sold through a post-petition Rent to Own Agreement with John and Monica Kumalae dated July 19, 2011 whereby the Kumalaes acquired an option to purchase the property for $195,000.  The mortgage loan is current and the legal, equitable, and contractual rights of the lender will be unaltered.

Class 1A is unimpaired, and Ocwen Loan Servicing is not entitled to vote to accept or reject the Plan.

### 3.2.    Class 1B:   Allowed Ocwen Loan Servicing Secured Claim (445 Kaiolu Street, # 505).

Class 1B consists of the secured claim of Ocwen Loan Servicing in connection with the real property located at 445 Kaiolu Street, Apt. 505, Honolulu, Hawaii 96815.  Ocwen Loan Servicing has a first mortgage lien on the

property, which is current. As of January 2011, the estimated balance on this loan was $90,199. According to the tax assessment that was in effect as of the Petition Date, the property is valued at $178,400. The Debtor will retain this property in order to sell his interest in this property through an Agreement of Sale, subject to Court approval, for $~~170,000~~170,000.00 to Mariolito Asuncion and Filipana Sablan. The mortgage loan is current and the legal, equitable, and contractual rights of the lender will be unaltered.

Class 1B is unimpaired, and Ocwen Loan Servicing is not entitled to vote to accept or reject the Plan.

### 3.3. Class 1C: Allowed Ocwen Loan Servicing Secured Claim (445 Kaiolu Street, # 604).

Class 1C consists of the secured claim of Ocwen Loan Servicing in connection with the real property located at 445 Kaiolu Street, Apt. 604, Honolulu, Hawaii 96815. Ocwen Loan Servicing has a first mortgage lien on the property. As of January 2011, the estimated balance due on this loan was $90,725. According to the tax assessment that was in effect as of the Petition Date, the property is valued at $176,300. The Debtor owns 50% of this property and intends to retain the property in order to allow the property to be sold through ~~the pending~~a pre-petition Agreement of Sale with Michael Faria who owns the other 50% of the property. The mortgage loan is current and the legal, equitable, and contractual rights of the lender will be unaltered.

Class 1C is unimpaired, and Ocwen Loan Servicing is not entitled to vote to accept or reject the Plan.

### 3.4. Class 1D: Allowed Ocwen Loan Servicing Secured Claim (91-005 Parish Drive).

Class 1D consists of the secured claims of Ocwen Loan Servicing in connection with the real property located at 91-005 Parish Drive, Ewa Beach, Hawaii 96706. Ocwen has a first mortgage lien on the property. As of January 2011, the estimated balance due on this loan was $260,271. Bank of America has a second mortgage with an estimated balance of $60,203 as of January, 2011 (see Class 3D). According to the tax assessment that was in effect as of the Petition Date, the property is valued at $425,200. The mortgage loan is current. The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.

Class 1D is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.5. Class 2A: Allowed Chase Bank Secured Claim (445 Kaiolu Street, # 801).

Class 2A consists of the secured claim of Chase Bank in connection with the real property located at 445 Kaiolu Street, Apt. No. 801, Honolulu, Hawaii 96815. Chase Bank has a first mortgage lien on the property. As of January 2011, the estimated balance that remains due on this loan is $107,629. As of August, 2011, there is an estimated delinquency of at least $10,400 on this loan. According to the tax assessment that was in effect as of the Petition Date, the property is valued at $161,800. The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.

This property is subject to a second mortgage held by Green Tree Servicing, LLC, assignee of Bank of America with an estimated balance of $71,241 as of January, 2011 (see Class 11A).

Class 2A is unimpaired, and is not entitled to vote to accept or reject the Plan.

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed 11/18/11   Page 24 of 77

### 3.6.    Class 2B:   Allowed Chase Bank Secured Claim (444 Niu Street, PH-502).

Class 2B consists of the secured claim of Chase Bank in connection with the real property located at 444 Niu Street, Apt. No. PH-502, Honolulu, Hawaii 96815. Chase holds a first mortgage lien on the property.  As of January 2011, the estimated balance due on the loan was $403,015.  According to the tax assessment that was in effect as of the Petition Date, the property is worth $532,600.  The Debtor is delinquent on the loan, with an estimated arrearage as of August, 2011 of at least $49,612.  The Debtor intends to retain this property as his primary residence.  Unless Chase Bank and the Debtor agree to a different treatment, Chase Bank shall receive, 30 days after the Effective Date or as soon thereafter as is practicable, notwithstanding any contractual provision or applicable law that entitles the holder of the claim to demand or receive accelerated payment of such Allowed Claim after the occurrence of a default (A) be paid a cure of any such default that occurred prior to the Effective Date, other than a default of a kind specified in section 365(b)(2) of the Bankruptcy Code, (B) have reinstated the maturity of such Claim as such maturity existed before such default, (C) be compensated for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law, and (D) otherwise not have altered the legal, equitable, or contractual rights to which such Allowed Claim entitles the holder of such Allowed Claim.

Class 2B is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.7. Class 2C: Allowed Chase Bank Secured Claim (2421 Ala Wai Boulevard, # 703)

Class 2C consists of the secured claim of Chase Bank in connection with the real property located at 2421 Ala Wai Boulevard, Apt. No. 703, Honolulu, Hawaii 96815. Chase Bank has a first mortgage lien on the property. As of January 2011, the estimated balance due on this loan was $82,429. According to the tax assessment that was in effect as of the Petition Date, the property is worth $139,500. The Debtor intends to retain the property in order to allow the property to be sold through the pending Agreement of Sale with Melvin Kam Hoon Wong and Laverne Kum Chin Wong. The mortgage loan is current and the legal, equitable, and contractual rights of the lender will be unaltered.

Class 2C is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.8. Class 2D: Allowed Chase Bank Secured Claim (725 Piikoi Street, # 207)

Class 2D consists of the secured claim of Chase Bank in connection with the real property located at 725 Piikoi Street, Apt. 207, Honolulu, Hawaii 96814. Chase Bank has a first mortgage lien on the property. As of January 2011, the estimated balance due to on this loan was $104,825. The Debtor is delinquent on

67503

23

the Chase Bank mortgage in the estimated amount of $16,860 as of August 2011. According to the tax assessment that was in effect as of the Petition Date, the property is valued at $165,000. The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.

Class 2D is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.9.   Class 2E:   Allowed Chase Bank Secured Claim (second mortgage 3206 Ahinahina Place)

Class 2E consists of the secured claim of Chase Bank in connection with the real property located at in connection with the real property located at 3206 Ahinahina Place, Honolulu, Hawaii 96816. Chase Bank has a second mortgage lien on the property. Wells Fargo has a first mortgage lien on the property with an estimated balance of $282,800 as of January, 2011. (See class 9). As of January 2011, the estimated balance that remains due to Chase Bank was $273,177. As of August 2011, the Debtor is delinquent on the Chase Bank mortgage in the estimated amount of at least $39,431. According to the tax assessment that was in effect as of the Petition Date, the property is valued at $865,600. The Debtor

intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.

Class 2E is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.10. Class 3A: Allowed Bank of America Secured Claim (445 Kaiolu Street, # 812)

Class 3A consists of the secured claim of Bank of America in connection with the real property located at 445 Kaiolu Street, Apt. No. 812, Honolulu, Hawaii 96815. Bank of America has a first mortgage on the property. As of January 2011, the estimated balance on this loan was $120,261. As of August, 2011, there is an estimated delinquency of $12,338 on this loan. Bank of America has assigned its second mortgage on this property in the estimated amount of $47,304 to Green Tree Servicing, LLC (see class 11B). According to the tax assessment that was in effect as of the Petition Date, the property is valued at $183,900. The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid

as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.

Class 3A is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.11. Class 3B: Allowed Bank of America Secured Claim (3204-A Ahinahina Place)

Class 3B consists of the secured claim of Bank of America in connection with the real property located at 3204-A Ahinahina Place, Honolulu, Hawaii 96816. Bank of America has a first mortgage lien on said property. As of January 2011, the estimated balance due on this loan was $384,473. The Debtor is delinquent on the loan, with an estimated arrearage as of August, 2011 of at least $41,540. Bank of America also has a second lien on said property with an estimated balance of $100,067 as of January 2011 (see class 3C). According to the tax assessment that was in effect as of the Petition Date, the property is valued at $581,900. The Debtor intends to retain thissell the property. Unless Bank of America and pay the Debtor agree to a different treatment, Bank of America shall receive, 30 dayslender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as is practicable, notwithstanding any contractual provision or applicable law that entitles the holder of the claim to demand or receive accelerated payment of such Allowed Claim after the occurrence of a default (A) be paid a cure of any such

default that occurred prior to the Effective Date, other than a default of a kind specified in section 365(b)(2) of the Bankruptcy Code, (B) have reinstated the maturity of such Claim as such maturity existed before such default, (C) be compensated for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law, and (D) otherwise not have altered the legal, equitable, or contractual rights to which such Allowed Claim entitles the holder of such Allowed Claim. practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.

Class 3B is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.12. Class 3C: Allowed Bank of America Secured Claim (second mortgage 3204-A Ahinahina Place)

Class 3C consists of the secured claim of Bank of America in connection with the real property located at 3204-A Ahinahina Place, Honolulu, Hawaii 96816. Bank of America has a second mortgage lien on said property. As of January 2011, the estimated balance due on this loan was $100,067. Bank of America also has a first mortgage lien, on said property with an estimated balance of $384,473 as of January 2011 (see class 3B). According to the tax assessment that was in effect as of the Petition Date, the property is valued at $581,900. The

Debtor is delinquent on the loan, with an estimated arrearage as of August, 2011 of $13,395. The Debtor intends to ~~retain this~~sell the property. ~~Unless Bank of America~~ and pay the ~~Debtor agree to a different treatment, Bank of America shall receive, 30 days~~lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as ~~is practicable, notwithstanding any contractual provision or applicable law that entitles the holder of the claim to demand or receive accelerated payment of such Allowed Claim after the occurrence of a default (A) be paid a cure of any such default that occurred prior to the Effective Date, other than a default of a kind specified in section 365(b)(2) of the Bankruptcy Code, (B) have reinstated the maturity of such Claim as such maturity existed before such default, (C) be compensated for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law, and (D) otherwise not have altered the legal, equitable, or contractual rights to which such Allowed Claim entitles the holder of such Allowed Claim~~practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.

Class 3C is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.13. Class 3D: Allowed Bank of America Secured Claim (second mortgage 91-005 Parish Drive)

Class 3D consists of the secured claim of Bank of America in connection with the real property located at 91-005 Parish Drive, Ewa Beach, Hawaii 96706. Bank of America has a second mortgage with an estimated balance that remains due to Bank of America under its mortgage loan is $60,203 as of January, 2011. Ocwen Loan Servicing has a first mortgage lien, which is current (see class 1D). As of January 2011, the estimated balances that remain due and owing under Ocwen loan Servicing is $260,271. The Bank of America mortgage is current. According to the tax assessment that was in effect as of the Petition Date, the property is valued at $425,200.

The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.

Class 3D is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.14.  Class 3E:    Allowed Bank of America Secured Claim (55-145 Poohaili Street)

Class 3E consists of the secured claim of Bank of America in connection with the real property located at 55-145 Poohaili Street, Laie, Hawaii 96762.  Bank of America has a first mortgage lien on said property.  As of January 2011, the estimated balance that remains due to Bank of America under its mortgage loan is $276,357.   According to the tax assessment that was in effect as of the Petition Date, the property is valued at $444,444.  The Debtor intends to retain the property in order to allow the property to be sold through the pending Agreement of Sale to Berlin Kaio.  The mortgage loan is current and the legal, equitable, and contractual rights of the lender will be unaltered.

Class 3E is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.15.  Class 3F:    Allowed Bank of America Secured Claim (2415 Ala Wai Blvd., # 1903)

Class 3F consists of the secured claim of Bank of America in connection with the real property located at 2415 Ala Wai Boulevard, Apt. No. 1903, Honolulu, Hawaii 96815.  Bank of America holds a first mortgage lien on the property.  As of January 2011, the estimated balance that remains due to Bank of America under its mortgage loan is $309,955.  The Debtor is delinquent on the loan with an estimated arrearage of at least $29,394, as of August, 2011.  The

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed  11/18/11   Page 33 of 77

Estate of Gerald Larkins has a second mortgage lien with an estimated balance of $100,000 as of January, 2011 (see Class 12). The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court. According to the tax assessment that was in effect as of the Petition Date, the property is valued at $302,300 such that Bank of America will not likely be paid in full from the sale of the property. Bank of America shall be paid the unsecured portion of its Allowed Claim in full with interest at the rate of three percent (3%) per annum in twelve (12) equal quarterly installments, beginning on the ninetieth day after the Effective Date, and ending on the ninetieth day after the third anniversary date of the Effective Date.

Class 3F is impaired, and is entitled to vote to accept or reject the Plan.

### 3.16. Class 4A: Allowed Citizens First Bank Secured Claim (1204 N. Broad Street, Rome, Georgia 30161)

Class 4A consists of the secured claim of Citizens First Bank in connection with the real property located at 1204 N. Broad Street, Rome, Georgia 30161. Citizens First Bank has a first mortgage lien on the property. As of January 2011, the estimated balance due on this loan was $35,700. The Debtor is delinquent on the loan, with an estimated arrearage as of August 2011 of at least $6,266.31.

According to the tax assessment that was in effect as of the Petition Date, the property is valued at $100,000.  The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.

Class 4A is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.17.  Class 4B:    Allowed Citizens First Bank Secured Claim (1206 N. Broad Street, Rome, Georgia 30161)

Class 4B consists of the secured claim of Citizens First Bank in connection with the real property located at 1206 N. Broad Street, Rome, Georgia 30161. Citizens First Bank has a first mortgage lien on the property.  As of January 2011, the estimated balance due on this loan is $32,653.  The Debtor is delinquent on the loan, with an estimated arrearage as of August 2011 of at least $6,266.31.

According to the tax assessment that was in effect as of the Petition Date, the property is valued at $125,000.  The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim,

any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.

Class 4B is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.18.  Class 4C:    Allowed Citizens First Bank Secured Claim (1208 N. Broad Street, Rome, Georgia 30161)

Class 4C consists of the secured claim of Citizens First Bank in connection with the real property located at 1208 N. Broad. Street, Rome, Georgia 30161. Citizens First Bank holds a first mortgage lien on the property.  As of January 2011, the estimated balance due on the loan was $41,350.  The Debtor is delinquent on the loan, with an estimated arrearage as of August 2011 of at least $7,935.32.  According to the tax assessment that was in effect as of the Petition Date, the property is valued at $150,000.  The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.

Class 4C is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.19. Class 5: Allowed America's Servicing Co. Secured Claim (2421 Ala Wai Boulevard, # 702)

Class 5 consists of the secured claim of America's Servicing Co. ("Servicing") in connection with the real property located at 2421 Ala Wai Boulevard, Apt. No. 702, Honolulu, Hawaii 96815. Servicing has a first mortgage lien on the property. As of January 2011, the estimated balance due on this loan was $98,180. According to the tax assessment that was in effect as of the Petition Date, the property is valued at $170,000. The Debtor intends to retain the property in order to allow the property to be sold through the pending Agreement of Sale with Melvin Kam Hoon Wong and Laverne Kum Chin Wong. The mortgage is current and the legal, equitable, and contractual rights of the lender will be unaltered.

Class 5 is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.20. Class 6: Allowed PNC Secured Claim (444 Niu Street, Apt. No. PH-501)

Class 6 consists of the secured claim of PNC Bank, National Association ("PNC") in connection with the real property located at 444 Niu Street, Apt. No. PH-501, Honolulu, Hawaii 96815. PNC holds a first mortgage lien on the property. As of January 2011, the estimated balance due on this loan is $337,728. According to the tax assessment that was in effect as of the Petition Date, the property is worth $588,100. The Debtor is delinquent on the loan, with an

estimated arrearage as of August, 2011 of $34,856.  The Debtor intends to retain this property as his primary residence.  Unless PNC and the Debtor the agree to a different treatment, PNC shall receive, 30 days after the Effective Date or as soon thereafter as is practicable, notwithstanding any contractual provision or applicable law that entitles the holder of the claim to demand or receive accelerated payment of such Allowed Claim after the occurrence of a default (A) be paid a cure of any such default that occurred prior to the Effective Date, other than a default of a kind specified in section 365(b)(2) of the Bankruptcy Code, (B) have reinstated the maturity of such Claim as such maturity existed before such default, (C) be compensated for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law, and (D) otherwise not have altered the legal, equitable, or contractual rights to which such Allowed Claim entitles the holder of such Allowed Claim.

Class 6 is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.21.  Class 7:     Allowed Jerry Doyle Secured Claim (2450 Prince Edward Street #1207A)

Class 7 consists of the secured claim of Jerry Doyle in connection with the real property located at 2450 Prince Edward Street, #1207A, Honolulu, Hawaii 96815.  Jerry Doyle has a first mortgage lien on the property, which is current.  As of January 2011, the estimated balance due on this loan was $80,000.  The Debtor is current on this loan.  According to the tax assessment that was in effect as of the

67503

35

Petition Date, the property is valued at $218,900.  The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.

Class 7 is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.22.  Class 8:  Allowed Flagstar Bank Secured Claim (91-449 Ewa Beach Road)

Class 8 consists of the secured claim of Flagstar Bank in connection with the real property located at 91-449 Ewa Beach Road, Ewa Beach, Hawaii 96706. Flagstar Bank has a first mortgage lien on the property.  As of January 2011, the estimated balance due on this loan was $644,365.  According to the tax assessment that was in effect as of the Petition Date, the property is valued at $949,800.  The mortgage loan is current.  The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day retain this property.  Unless Flagstar and the Debtor the agree to a different treatment, Flagstar shall receive, 30 days after the Effective Date of the Plan or as soon thereafter as is practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses.  notwithstanding any contractual provision or applicable law that

entitles the holder of the claim to demand or receive accelerated payment of such Allowed Claim after the occurrence of a default (A) be paid a cure of any such default that occurred prior to the Effective Date, other than a default of a kind specified in section 365(b)(2) of the Bankruptcy Code, (B) have reinstated the maturity of such Claim as such maturity existed before such default, (C) be compensated for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law, and (D) otherwise not have altered the legal, equitable, or contractual rights to which such Allowed Claim entitles the holder of such Allowed Claim.

Class 8 is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.23. Class 9: Allowed Wells Fargo Bank Secured Claim (3206 Ahinahina Place)

Class 9 consists of the secured claim Wells Fargo in connection with the real property located at 3206 Ahinahina Place, Honolulu, Hawaii 96816. Chase Bank has a second mortgage lien in the estimated amount of $282,800 as of January, 2011 (see Class 2E). As of January 2011 the estimated balance on this loan was $273,177. The Debtor is delinquent on the Wells Fargo mortgage in the estimated amount of at least $23,549 as of August 2011. According to the tax assessment that was in effect as of the Petition Date, the property is valued at $865,600. The mortgage loan is current. The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after

the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.

Class 9 is unimpaired, and is not entitled to vote to accept or reject the Plan.

### 3.24.  Class 10:    Allowed Bank of Hawaii Secured Claim (444 Niu Street, PH-504)

Class 10 consists of the secured claim of Bank of Hawaii in connection with the real property located at 444 Niu Street, PH-504, Honolulu, Hawaii 96815. Bank of Hawaii has a first mortgage lien on the property.  As of January 2011, the estimated balance due on this loan was $410,139.  The Debtor is delinquent on the loan, with an estimated arrearage as of August 2011 of at least $27,110.  According to the tax assessment that was in effect as of the Petition Date, the property is valued at $532,600.  The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.

Class 10 is unimpaired, and is not entitled to vote to accept or reject the Plan.

67503

### 3.25.  Class 11A:  Allowed Green Tree Servicing LLC Secured Claim (second mortgage 445 Kaiolu Street, # 801)

Class 11 consists of the secured claim of Green Tree Servicing LLC ("Green Tree") in connection with the real property located at 445 Kaiolu Street, Apt. No. 801, Honolulu, Hawaii 96815.  Chase Bank has a first mortgage on the property in the estimated amount of $107,629 as of January, 2011.  See Class 2A.  As of January 2011, the estimated balance that remains due under Green Tree's second mortgage was $71,241.  As of August, 2011, there is an estimated delinquency of $3,172 on this loan.  The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.  According to the tax assessment that was in effect as of the Petition Date, the property is valued at $161,800 such that Green Tree will not be paid in full from the sale of the property.  Green Tree shall be paid the unsecured portion of its Allowed Claim in full with interest at the rate of three percent (3%) per annum in twelve (12) equal quarterly installments, beginning on the ninetieth day after the Effective Date, and ending on the ninetieth day after the third anniversary date of the Effective Date.

Class 11A is impaired, and is entitled to vote to accept or reject the Plan.

### 3.26.  Class 11B:  Allowed Green Tree Servicing LLC Secured Claim (second mortgage 445 Kaiolu Street, # 812)

Class 11B consists of the secured claim of Green Tree in connection with the real property located at 445 Kaiolu Street, Apt. No. 812, Honolulu, Hawaii 96815. Bank of America has a first mortgage on the property in the estimated amount of $120,261 as of January, 2011.  See Class 3A.  As of January 2011, the estimated balance that remains due under Green Tree's second mortgage was $47,304.  As of August, 2011, there is an estimated delinquency of at least $1,873 on this loan. The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court.  According to the tax assessment that was in effect as of the Petition Date, the property is valued at $183,900 such that Green Tree will likely not be paid in full from the sale of the property.  Green Tree shall be paid the unsecured portion of its Allowed Claim in full with interest at the rate of three percent (3%) per annum in twelve (12) equal quarterly installments, beginning on the ninetieth day after the Effective Date, and ending on the ninetieth day after the third anniversary date of the Effective Date.

Class 11B is unimpaired, and is not entitled to vote to accept or reject the Plan.

67503

U.S. Bankruptcy Court - Hawaii  #11-00098  Dkt # 253  Filed 11/18/11  Page 43 of 77

### 3.27. Class 12: Allowed Estate of Gerald Larkin Secured Claim (second mortgage 2415 Ala Wai Boulevard, # 1903)

Class 12 consists of the secured claim of the Estate of Gerald Larkins in connection with the real property located at 2415 Ala Wai Boulevard, Apt. No. 1903, Honolulu, Hawaii 96815. The Estate of Gerald Larkins holds a second mortgage lien on the property. Bank of America holds a first mortgage lien on the property with an estimated balance of $309,955 as of January, 2011. As of January 2011, the estimated balance due to the Estate of Gerald Larkin was $100,000. The Debtor intends to sell the property and pay the lender, Cash equal to the value of its Allowed Secured Claim on the 30th day after the Effective Date of the Plan or as soon thereafter as practicable, provided, however, that the lender shall not be paid as part of its Allowed Secured Claim, any default interest, late charges or similar fees or expenses, except as may be allowed by the Court. According to the tax assessment that was in effect as of the Petition Date, the property is valued at $302,300 such that the Estate of Gerald Larkin will likely not be paid in full from the sale of the property. The Estate of Gerald Larkin will be paid the unsecured portion of its Allowed Claim in full with interest at the rate of three percent (3%) per annum in twelve (12) equal quarterly installments, beginning on the ninetieth day after the Effective Date, and ending on the ninetieth day after the third anniversary date of the Effective Date.

Class 12 is impaired, and is entitled to vote to accept or reject the Plan.

67503

### 3.28. Class 13: Allowed Tango Juliet Leasing LLC Secured Claim (second mortgage on various properties)

Class 13 consists of the secured claim of Tango Juliet in connection with its $200,000 note that is secured by the following properties:

1. 445 Kaiolu Street, Apt. 303, Honolulu, Hawaii 96815;

2. 445 Kaiolu Street, Apt. 505, Honolulu, Hawaii 96815;

3. 444 Niu Street, PH-504, Honolulu, Hawaii 96815;

4. 11-2919 Makoa Road, Lot 11, Puna District, Hawaii;

5. 11-2777 Noeula Road, Lot 27, Puna District, Hawaii;

6. Old Sugar Cane Road, Puna District, Hawaii;

7. 444 Niu Street, PH-501, Honolulu, Hawaii 96815; and

8. 444 Niu Street, PH-502, Honolulu, Hawaii 96815.

Tango Juliet holds second mortgage liens on properties 1, 2, 3, 7 and 8, and first mortgage liens on properties 4 through 6. The Debtor intends to liquidate and sell properties 1 through 6. Tango Juliet's $200,000 note ("Tango Juliet Note") will be reduced substantially through the sales of properties 1 through 6. Unless Tango Juliet and the Debtor agree to a different treatment, the Tango Juliet Note and mortgages shall be modified on the Effective Date, as follows (hereinafter referred to as the "Modified Note and Modified Mortgage" and together, the "Modified Note and Mortgage"):

3.28.1 The Maturity Date of the Modified Note and Mortgage shall be extended to a date that is the first anniversary of the current maturity date of August 12, 2012.

3.28.2 The principal amount of the Modified Note shall be an amount equal to the amount outstanding under the Tango Juliet Note as of the Effective Date.

3.28.3 The Debtor shall make monthly interest only payments on the Modified Note commencing on the thirtieth (30th) day after the Effective Date and on the same day of the month thereafter until the Modified Note is paid in full or matures.

3.28.4 The interest rate on the Modified Note shall be reduced from sixteen percent (16%) to twelve percent (12%) per annum.

### 3.29. Class 14 Allowed Unsecured Claims

Class 14 consists of the allowed unsecured claims. Exclusive of the Mary Simpson claim discussed below, the Debtor estimates ~~it has~~there are approximately $~~150,000~~250,000 in General Unsecured Claims.   Holders of Allowed General Unsecured Claims shall be paid in full their Allowed Claims with interest at the rate of three percent (3%) per annum in twelve (12) equal quarterly installments, beginning on the ninetieth day after the Effective Date, and ending on the ninetieth day after the third anniversary date of the Effective Date.

Failure of the Debtor to make two consecutive quarterly installment payments shall be deemed a default under the Plan. Upon such default, the holder of an allowed General Unsecured Claim may file a declaration with the Court requesting the conversion of the Debtor's case to a chapter 7 liquidation (the "Conversion Declaration"). The Debtor shall have seven days from the filing of the Conversion Declaration to file a declaration contesting any allegation of default under the Plan as set forth in the Conversion Declaration. If the Debtor fails to timely contest the Conversion Declaration, the Court shall enter an order converting this chapter 11 case to one under chapter 7 of the Bankruptcy Code.

Class 14 is impaired, and the holders of Allowed Claims in Class 14 are entitled to vote to accept or reject the Plan.

### 3.30. Class 15 Allowed Mary Simpson Unsecured Claim

Class 15 consists of the unsecured claim of May Simpson ("Simpson") in connection with a $1,000,000 unsecured proof of claim filed by Simpson in this Case purportedly arising from a 2006 lawsuit filed by Simpson against the Debtor and the Waikiki Ebbtide board. The Debtor disputes the Simpson. To the extent the Simpson claim becomes an Allowed Claim, Simpson will be paid in full with interest at the rate of three percent (3%) per annum in twelve (12) equal quarterly installments, beginning on the ninetieth day after the Effective Date, and ending on the ninetieth day after the third anniversary date of the Effective Date.

67503

44

Class 15 is impaired, and is entitled to vote to accept or reject the Plan.

### 3.31.  Class 16 Equity Interest

Class 16 consists of the Debtor's legal, equitable, contractual, and other rights in the Estate.  The Debtor shall retain his equity interest.

Class 16 is unimpaired, and is not entitled to vote to accept or reject the Plan.

## III.

## ACCEPTANCE OR REJECTION OF THE PLAN

### 1.     Voting Classes.

Each holder of an Allowed Claim in Classes 3F, 11A, and 12-15 (inclusive) shall be entitled to vote to accept or reject the Plan.

### 2.     Voting Rights Of Holders Of Disputed Claims.

Except as otherwise provided in the Plan, pursuant to Bankruptcy Rule 3018(a), a Disputed Claim that falls within the provisions of Section 1.23(a) and (c) hereof will not be counted for purposes of voting on the Plan to the extent it is disputed, unless an order of the Bankruptcy Court is entered after notice and a hearing temporarily allowing the Disputed Claim for voting purposes under Bankruptcy Rule 3018(a).  A Disputed Claim that falls within the provisions of Section 1.23(b) hereof will be counted for purposes of voting on the Plan unless

67503

45

and until such Claim becomes a Disputed Claim that falls within the provisions of Section 1.23(c) hereof. Disallowance of a Disputed Claim for voting purposes is without prejudice to the claimant's right to seek to have its Disputed Claim allowed for purposes of distribution under the Plan.

**3. Presumed Acceptance And Rejection Of Plan.**

Classes 1A-1D (inclusive), 2A-2E (inclusive), 3A-3E (inclusive), 4A-4C (inclusive), 5-10 (inclusive), 11B and 16 are unimpaired under the Plan and, therefore, are conclusively presumed by the Bankruptcy Code to accept the Plan.

**4. Nonconsensual Confirmation.**

In the event that any impaired class of Claims or class of Equity Interests shall fail to accept the Plan in accordance with section 1129(a)(8) of the Bankruptcy Code, the Debtor reserves the right to (i) request that the Bankruptcy Court confirm the Plan in accordance with section 1129(b) of the Bankruptcy Code, and/or (ii) modify the Plan in accordance with section 1127(a) of the Bankruptcy Code.

**IV.**

**IMPLEMENTATION OF THE PLAN**

**1. GENERAL MEANS OF IMPLEMENTATION**

67503

46

The Plan will be implemented and consummated through various means contemplated by the Bankruptcy Code, including, without limitation, through the actions and transactions summarized as follows:

### 1.1. **Executory Contracts**

On the Effective Date the Debtor will assume the following agreements under which he is the vendor or seller:

(i) Agreement of Sale dated June 30, 2004 by and between the Debtor and Berlin Kaio ("Kaio"), pursuant to which Kaio is to purchase property identified with street address 55-145 Poohaili St., Laie, HI 96762.

(ii) Agreement of Sale dated May 5, 2004 by and between the Debtor, on the one hand, and Melvin & LaVerne Wong (collectively, the "Wong's"), on the other hand, and recorded in the Office of the Assistant Registrar of the Land Court for the State of Hawaii (the "Land Court") as Land Court Doc. No. 3110463, pursuant to which the Wong's are to purchase property identified with street address 2421 Ala Wai Blvd., #702, Honolulu, Hawaii 96815.

(iii) Agreement of Sale dated May 5, ~~2004 by and between the Debtor and the Wong's and recorded in the Land Court as Land Court Doc. No. 3110464, pursuant to which the Wong's are to purchase property identified with street address 2421 Ala Wai Blvd., #703, Honolulu, Hawaii 96815. (iv) Agreement of Sale dated May 5,~~ 2004 by and between the Debtor and

Michael Faria and recorded in the Land Court as Land Court Doc. No. 3422314, a

pursuant to which Michael Faris is to purchase property identified with street

address 445 Kaiolu Street, #604, Honolulu, Hawaii 96815.

(v)     Assignment of Agreement of Sale by and between the Debtor

and Kiyoko Leary and recorded on October 13, 1983, pursuant to which Kiyoko

Leary is to purchase property identified with street address 1727 S. Beretania

Street , B Hale #2C, Honolulu, Hawaii 96814.

### 1.2.    <u>Sale of Property</u>

On or before the Effective Date, the Debtor shall deposit an amount

no less than $100,000 into the Liquidation Fund of net sale proceeds from

the following properties (including the Big Island Properties and the Georgia

Properties):

| Street Address | Unit # (if applicable) |
|---|---|
| 445 Kaiolu (Rosalei)<br>Honolulu, HI | #~~303,~~ 801, 812 |
| 444 Niu St. (Hawaiian Monarch)<br>Honolulu, HI | PH504 |
| 2415 Ala Wai Blvd (Skyliner)<br>Honolulu, HI | 1903 |
| 2450 Prince Edward St. (Kuhio Village)<br>Honolulu, HI | 1207A |
| 725 Piikoi (Piikoi Plaza)<br>Honolulu, HI | 207 |
| 3206 Ahinahina and 3204 Ahinahina<br>Honolulu, HI | |
| 91-005 Parish Dr<br>Ewa Beach, HI | |
| 91-449 Ewa Beach Rd<br>Ewa Beach, HI | |
| Lakeshore Dr.<br>Rome GA | |
| 425 Ena Road<br>Honolulu, HI | #306A |
| 11-2919 Makoa Road<br>Puna, HI | |
| 11-2777 Noeua Road<br>Puna, HI | |
| Old Sugar Cane Road<br>Puna, HI | |
| 1204 N Broad St<br>Rome, GA | |
| 1206 N Broad St<br>Rome, GA | |
| 1208 N Broad St<br>Rome, GA | |

The Debtor is also informally marketing the Ebbtide Units at this time. To the extent the Debtor sells one or more of the Ebbtide Units, the net sale proceeds will be deposited into the Liquidation Fund as necessary. The Debtor reserves the right to sell certain properties that will be retained under the Plan if necessary to pay the obligations arising under the Plan.

The Debtor will continue to collect rental income from his Hawaii properties, the Ebbtide Units, as well as from his Georgia properties. In addition, the Debtor will continue to collect Agreement of Sale interest payments and management income that he receives for managing certain units at the Hawaiian Ebbtide that he does not own.

### 1.4. Provisions for Treatment of Disputed Claims

Notwithstanding all references in the Plan to Claims that are Allowed, in undertaking the calculations concerning Allowed Claims or Allowed Administrative Expense Claims under the Plan, including the determination of the amount or number of distributions due to the holders of Allowed Claims and Allowed Administrative Expense Claims, each Disputed Claim shall be treated as if it were an Allowed Claim or Allowed Administrative Expense Claim for purposes of voting on the Plan, except that if the Bankruptcy Court estimates the likely portion of a Disputed Claim to be Allowed or authorized or otherwise determines the amount or number which would constitute a sufficient reserve for a

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed  11/18/11   Page 53 of 77

Disputed Claim (which estimates and determinations may be requested by the Reorganized Debtor), such amount or number as determined by the Bankruptcy Court shall be used as to such Claim.  Objections to Claims must be filed and served within 180 days of the Effective Date.

### 1.5.  Revesting of Assets.

Except as otherwise provided in the Plan, on and after the Effective Date, all property of the Estate of the Debtor, including all rights of action, and any property acquired by the Debtor under or in connection with the Plan will vest in the Reorganized Debtor free and clear of all Claims, Liens, charges, other encumbrances and interests, except as otherwise provided for herein.  On and after the Effective Date, the Reorganized Debtor may operate his business and may use, acquire and dispose of property and compromise or settle any claims or interests without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than restrictions expressly imposed by the Plan or the Confirmation Order.

### 1.6.  Exemption from Transfer Taxes.

Pursuant to section 1146(c) of the Bankruptcy Code, any transfers from the Debtor to the Reorganized Debtor or any other Person pursuant to the Plan including (a) the creation of any mortgage deed or trust, or other security interest, and (b) the making of any agreement or instrument in furtherance of, or in connection with,

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed  11/18/11   Page 54 of 77

this Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment.

### 1.7. **Issuance and Execution of Plan Related Documents.**

On and after the Confirmation Date, all actions contemplated by the Plan shall be taken by the Debtor and such actions shall be deemed authorized and approved in all respects (subject to the provisions of the Plan), including, without limitation, the execution and the delivery of, and the performance under, all other documents and agreements contemplated by or relating to the Plan.

### 1.8. **Occurrence of the Effective Date.**

The Effective Date shall occur on the first Business Day following the satisfaction (or waiver) of the conditions precedent to the occurrence of the Effective Date as set forth in Article VII hereof.

### 1.9. **Occurrence of the Debtor's Discharge.**

The Debtor's discharge under the Bankruptcy Code, the Plan, and the Confirmation Order shall occur upon completion of the payments ~~provided in~~required to be made under the Plan.

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed 11/18/11   Page 55 of 77

### 1.10.  **Certain Fees and Expenses.**

From and after the Effective Date, the expenses incurred in the ordinary course of the Business, fees and expenses of Professional Persons, amounts payable to the U.S. Trustee under 28 U.S.C. § 1930(a)(6), and adequate protection payments, shall be paid by the Debtor, in the ordinary course of business, or pursuant to a Final Order of the Bankruptcy Court.

## V

## DISTRIBUTIONS

### 1.  **Wagner Choi & Verbrugge to Serve as Disbursing Agent.**

The Reorganized Debtor shall initially appoint Wagner Choi & Verbrugge as the disbursing agent to hold and distribute Cash and such other property as may be distributed pursuant to the Plan.

### 2.  **Disputed Claims That Do Not Become Allowed Claims.**

To the extent that a Disputed Claim is disallowed, subordinated, voided, voided for the benefit of the Debtor's Estate, or recharacterized, the Debtor shall not make any distribution on account of such Disputed Claim.

Notwithstanding all references in the Plan to Claims that are Allowed, in undertaking the calculations concerning Allowed Claims or Allowed Administrative Expense Claims under the Plan, including the determination of the amount or number of distributions due to the Holders of Allowed Claims and

Allowed Administrative Expense Claims, each Disputed Claim shall be treated as if it were an Allowed Claim, except that if the Bankruptcy Court estimates the likely portion of a Disputed Claim to be Allowed or authorized or otherwise determines the amount or number which would constitute a sufficient reserve for a Disputed Claim (which estimates and determinations may be requested by the Reorganized Debtor), such amount or number as determined by the Bankruptcy Court shall be used as to such Claim.

3.    **No Distributions To Non-Filing Parties.**

Pursuant to Bankruptcy Rule 3003(c)(2), (a) no distribution under the Plan shall be made to any party whose claim is listed by the Debtor as disputed, contingent, or unliquidated if such party fails to file a Claim, and (b) any and all Claims of such non-filing parties (described in subsection (a)) shall be disallowed.

4.    **De Minimis Distributions.**

No Cash payment of less than ten dollars ($10.00) shall be made by the Reorganized Debtor to any holder of a Claim.

5.    **Record Date For Distributions.**

On the Confirmation Date, there shall be no further changes in the holders of record of Claims. The Debtor shall not recognize any transfer of Claims occurring after the Confirmation Date, but shall instead be entitled to recognize and deal for all purposes with only those holders of record stated on the applicable transfer

67503

54

ledgers on the docket of Claims for the Chapter 11 Case as of the Confirmation Date.

**6.      Saturday, Sunday, or Legal Holiday.**

If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

**7.      Delivery Of Distributions, Address Of Holder.**

For purposes of all notices and Distributions under this Plan, the Debtor shall be entitled to rely on the name and address of the holder of each Claim as specified by, and Distributions to holders of Claims shall be made by regular U.S. first class mail to, the following addresses:  (1) the address set forth on the respective Filed proof of Claim of such holder; (2) the address set forth in any written notice of address change delivered by the holder to the Debtor after the date of any related Filed proof of Claim, or (3) the address reflected on the Schedules if no proof of Claim is Filed and the Debtor has not received a written notice of a change of address.

# VI

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### 1.    Rejection Generally

On the Effective Date, all executory contracts or unexpired leases  to which the Debtor is a party shall be deemed automatically rejected in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, unless such executory contracts or unexpired leases (i) shall have been previously assumed by the Debtor by Final Order of the Bankruptcy Court, (ii) shall be the subject of a motion to assume pending on or before the Effective Date, (iii) are listed on the schedule of assumed executory contracts or unexpired leases to be filed with the Plan Supplement, or (iv) are otherwise assumed pursuant to the terms of this Plan. The Debtor reserves the right to amend the Plan Supplement at any time prior to the Confirmation Date.

Entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of the rejections and assumptions contemplated hereby pursuant to sections 365(a) and 1123 of the Bankruptcy Code as of the Effective Date, including assumption of those executory contracts listed in Section IV.1.1. above. Each executory contract and unexpired lease assumed pursuant to this Article VI shall revest in and be fully enforceable by the Reorganized Debtor in accordance with its terms, except as modified by the provisions of this Plan, or any order of the

Bankruptcy Court authorizing and providing for its assumption or applicable federal law.

### 2. Objections to Assumption

Any party in interest wishing to object to the assumption or assignment of an executory contract or unexpired lease, shall File and serve any objection to such assumption by the same deadline and in the same manner established for filing objections to Confirmation, unless the assumption of such executory contract or unexpired lease is the subject of an amendment to the Plan Supplement in which case the deadline is the date that is the earlier of: (a) twenty (20) days after the date of such amendment; or (b) the day that is five (5) days before the initial Confirmation Hearing.

### 3. Payments Related To Assumption

Any defaults under each executory contract and unexpired lease to be assumed under the Plan, shall be cured, pursuant to Bankruptcy Code Section 365(b)(1), by payment of the amount ("Cure Amount"), if any, and shall be paid on or as soon as practicable after the Effective Date by the Debtor or on such terms as may be agreed upon between the parties. In the case of a dispute with respect to such Cure Amount set forth in a timely Filed objection to the assumption or assignment, the Debtor shall pay such Cure Amount in Cash on or as soon as

practicable after entry of a Final Order resolving the dispute, and approving the assumption.

### 4.    Bar Date For Rejection Claims

Any Claim by any party to an executory contract or unexpired lease rejected by the Debtor hereunder shall be classified in Class 15, provided, however, that: (a) any Claim arising from rejection of an executory contract or unexpired lease which has not been barred by a prior order of the Bankruptcy Court, shall be forever barred and shall not be enforceable unless a proof of Claim is Filed within 30 days after the mailing of the Notice of Effective Date; and (b) nothing herein shall constitute a waiver of the any applicable claims bar date.

## VII.

## EFFECTIVENESS OF THE PLAN

### 1.    Conditions Precedent.

The Plan shall not become effective ("Effective Date") unless and until the following conditions shall have been satisfied, or waived by the Debtor in its sole and absolute discretion:

### 1.1    The Confirmation Order, in form and substance reasonably satisfactory to the Debtor shall be a Final Order.

### 1.2    The Debtor shall have deposited a sum of $100,000, into the Liquidation Fund.

67503

58

## 2.     Notice Of Effective Date.

As soon as practicable after the Effective Date has occurred, the Debtor shall File with the Bankruptcy Court, and serve on the members of the various Classes, an informational notice specifying the Effective Date, as a matter of record.

## VIII

## CRAMDOWN

The Debtor requests Confirmation under section 1129(b) of the Bankruptcy Code with respect to any impaired Class that does not accept the Plan pursuant to section 1126 of the Bankruptcy Code.  Debtor reserves the right to modify the Plan to the extent, if any, that Confirmation pursuant to section 1129(b) of the Bankruptcy Code requires modification.

## IX
## RETENTION OF JURISDICTION AND
## MISCELLANEOUS MATTERS

## 1.     Retention of Jurisdiction

Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Chapter 11 Case and any of the proceedings related to the Chapter 11 Case  pursuant to section 1142 of the Bankruptcy Code and 28 U.S.C. § 1334 to the fullest extent permitted by the Bankruptcy Code and other applicable law, including, without limitation, such jurisdiction as is necessary to ensure that the purpose and intent of

67503

59

the Plan are carried out, provided, however, that the Bankruptcy Court shall not have jurisdiction with respect to Tax Claims that arise solely after the Effective Date. Without limiting the generality of the foregoing, the Bankruptcy Court shall retain jurisdiction for the following purposes:

(a)     establish the priority or secured or unsecured status of, allow, disallow, determine, liquidate, classify, or estimate any Claim or Administrative Expense Claim;

(b)     grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending on or before the Effective Date;

(c)     resolve any matters related to the assumption, assumption and assignment or rejection of any executory contract or unexpired lease to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear, determine and, if necessary, liquidate any Claims or Administrative Expenses arising therefrom;

(d)     ensure that Distributions to holders of Allowed Claims or Administrative Expense Claims are made pursuant to the provisions of the Plan, and to effectuate performance of the provisions of the Plan;

(e)     decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any

applications involving the Debtor that may be pending before the Effective Date or that may be commenced thereafter;

(f)     except as otherwise provided in the Confirmation Order or in the Plan, enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, indentures and other agreements or documents created in connection with the Plan, the Disclosure Statement, or the Confirmation Order, including, without limitation, any stay orders as may be appropriate in the event that the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(g)     resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan, or the Confirmation Order, including the release and injunction provisions set forth in and contemplated by the Plan and the Confirmation Order or any Person's rights arising under or obligations incurred in connection with the Plan, or the Confirmation Order;

(h)     subject to the restrictions on modifications provided in any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, modify the Plan before or after the Effective Date pursuant to section 1127 of the Bankruptcy Code or modify the Disclosure Statement, the Confirmation Order or any contract, instrument, release, indenture

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed 11/18/11   Page 64 of 77

or other agreement or document created in connection with the Plan, the Disclosure Statement, or the Confirmation Order; or remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, the Plan, the Disclosure Statement, or the Confirmation Order, or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, the Disclosure Statement, or the Confirmation Order, in such manner as may be necessary or appropriate to consummate the Plan;

(i)     issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Person with the consummation, implementation or enforcement of the Plan or, the Confirmation Order,

(j)     consider and act on the compromise and settlement of any Claim against, or Right of Action of the Debtor;

(k)     enter such orders as may be necessary or appropriate in connection with the recovery of the assets of the Debtor, wherever located;

(l)     determine such other matters as may be provided for in the Confirmation Order or as may from time to time be authorized under the provisions of the Bankruptcy Code or any other applicable law;

(m)     enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings issued or entered in connection with the Chapter 11 Case, or the Plan;

(n)     determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, the Disclosure Statement, or the Confirmation Order, except as otherwise provided in the Plan;

(o)     determine any other matter not inconsistent with the Bankruptcy Code; and

(p)     enter an order concluding the Chapter 11 Case.

## 2.     Headings

The headings used in the Plan are inserted for convenience only and neither constitute a portion of the Plan nor in any manner affect the construction of the provisions of the Plan.

## 3.     Notices

All notices and requests in connection with the Plan shall be in writing and shall be hand delivered or sent by mail addressed to:

If to Debtor:                          John Wollstein
                                       2415 Ala Wai Blvd., Unit 1901
                                       Honolulu, Hawaii 96815

67503

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed  11/18/11   Page 66 of 77

Copy to:                    Wagner Choi & Verbrugge
                            745 Fort Street, Suite 1900
                            Honolulu, HI  96813-3820
                            Attn: Chuck C. Choi
                            Facsimile: (808) 566-6900
                            Phone: (808) 533-1877

### 4.    Successors and Assigns

The rights, duties and obligations of any Person named or referred to in the

Plan shall be binding upon, and shall inure to the benefit of, the successors and

assigns of such Person.

### 5.    Severability of Plan Provisions

If, prior to Confirmation, any term or provision of the Plan is held by the

Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court will

have the power to alter and interpret such term or provision to make it valid or

enforceable to the maximum extent practicable, consistent with the original

purpose of the term or provision held to be invalid, void or unenforceable, and

such term or provision will then be applicable as altered or interpreted.

Notwithstanding any such holding, alteration or interpretation, the remainder of the

terms and provisions of the Plan will remain in full force and effect and will in no

way be affected, impaired or invalidated by such holding, alteration or

interpretation.  The Confirmation Order will constitute a judicial determination that

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed  11/18/11   Page 67 of 77

each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to their terms.

### 6.    No Waiver

Neither the failure to list a Claim in the  Schedules filed by the Debtor, the failure of any Person to object to any Claim for purposes of voting, the failure of any Person to object to a Claim or Administrative Expense Claim prior to Confirmation or the Effective Date, the failure of any Person to assert a Right of Action prior to Confirmation or the Effective Date, the absence of a proof of Claim having been Filed with respect to a Claim, nor any action or inaction of any Person with respect to a Claim, Administrative Expense Claim, or Right of Action other than a legally effective express waiver or release shall be deemed a waiver or release of the right of the Debtor or its successors or representatives, before or after solicitation of votes on the Plan or before or after Confirmation or the Effective Date to (a) object to or examine such Claim or Administrative Expense Claim, in whole or in part or (b) retain and either assign or exclusively assert, pursue, prosecute, utilize, otherwise act or otherwise enforce any Rights of Action.

### 7.    Inconsistencies

In the event the terms or provisions of the Plan are inconsistent with the terms and provisions of the exhibits to the Plan or documents executed in connection with the Plan, the terms of such documents shall control; provided,

67503

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed  11/18/11   Page 68 of 77

however, in the event of a conflict between either the Plan or such documents or exhibits and the Confirmation Order, the Confirmation Order shall control.

### 8. Payment of Statutory Fees

All quarterly fees due and payable to the Office of the United States Trustee pursuant to section 1930(a)(6) of title 28 of the United States Code shall be duly paid in full as and when due, as required by section 1129(a)(12) of the Bankruptcy Code.

### 9. Governing Law

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of the State of Hawaii (without reference to its conflict of law rules) shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, unless otherwise specifically provided in such agreements, documents, or instruments.

### 10. Withholding, Reporting, And Payment Of Taxes

In connection with the Plan and all instruments issued in connection therewith and distributions thereon, the Debtor shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority and all distributions hereunder shall be subject to any such withholding and reporting requirements. The Debtor shall report and pay taxes as may be

67503

required by applicable law.  In addition, to the extent required by applicable law,

reported distributions from such reserves shall include all interest and investment

income, if any, attributable to the Cash or property being distributed net of taxes

which are, or are estimated to be, due and payable thereon.

## X.

## EFFECT OF CONFIRMATION

### 1.    Binding Effect of Confirmation

Confirmation will bind the Debtor, all holders of Equity Interests, Claims or

Administrative Expense Claims and other parties in interest to the provisions of the

Plan whether or not the Equity Interest, Claim or Administrative Expense Claim of

such holder is impaired under the Plan and whether or not the holder of such

Claim, Administrative Expense Claim or Equity Interest has accepted the Plan.

### 2.    Good Faith

Confirmation of the Plan shall constitute a finding that:  (i) this Plan has

been proposed by the Debtor in good faith and in compliance with applicable

provisions of the Bankruptcy Code; (ii) all Persons' solicitations of acceptances or

rejections of this Plan and the offer, issuance, sale, or purchase of a security

offered or sold under the Plan have been in good faith and in compliance with

applicable provisions of the Bankruptcy Code.

67503

67

### 3. No Limitations on Effect of Confirmation

Nothing contained in the Plan will limit the effect of Confirmation as described in section 1141 of the Bankruptcy Code.

### 4. Discharge of Claims, Administrative Expenses and Interests

~~Except as~~Upon completion of the payments provided in the Plan ~~or Confirmation Order, as of the Effective Date the rights afforded hereunder and the treatment of Claims, Administrative Expense Claims and Equity Interests hereunder will be in exchange for and in complete satisfaction, discharge and release of all Claims, Administrative Expense Claims and Equity Interests, including any interest accrued on Claims from the Petition Date. Except as provided in the Plan or the Confirmation Order, Confirmation will discharge~~, the Debtor will be discharged from all Claims, Administrative Expense Claims or other debts that arose before the Confirmation Date and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (a) a proof of Claim based on such debt is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (b) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (c) the holder of a Claim or Administrative Expense Claim based on such debt has accepted the Plan. As of the Effective Date, except as provided in the Plan or the Confirmation Order, all Persons shall be precluded from asserting against the Debtor, its respective

successors or property, any other or further claims, debts, rights, causes of action, liabilities or equity interests based upon any act, omission, transaction or other activity of any nature that occurred prior to the Effective Date.

###### 5. Judicial Determination of Discharge

~~As of the Effective Date, except~~Except as provided in the Plan or in the Confirmation Order, all Persons shall be precluded from asserting against the Debtor any other or further Claims, Administrative Expense Claims, debts, rights, causes of action, liabilities, or equity interests based on any act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date. ~~In accordance with the foregoing, except~~Except as provided in the Plan or in the Confirmation Order, the Confirmation Order will be a judicial determination of discharge of all such Claims, Administrative Expense Claims and other debts and liabilities against the Debtor, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharges shall void any judgment obtained against the Debtor, at any time, to the extent that such judgment relates to a discharged liability, Claim, or Administrative Expense Claim, effective upon completion of the payments provided in the Plan.  Notwithstanding the foregoing, federal and state governmental agencies shall not be subject to the foregoing injunction with respect to the exercise and enforcement of any of their respective regulatory or police rights and powers.

## 6.    Injunctions

6.1    Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons that have held, currently hold or may hold a Claim or other debt or liability, or Equity Interest, that is satisfied or released, as applicable, will be permanently enjoined from taking any of the following actions on account of any such discharged or satisfied Claims, debts or liabilities:  (a) commencing or continuing in any manner any action or other proceeding against the Debtor, the Estate, or their respective property, other than to enforce any right pursuant to the Plan to a distribution; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtor, the Estate, or their respective property, other than as permitted pursuant to (a) above; (c) creating, perfecting or enforcing any Lien or encumbrance against the Debtor, the Estate, or their respective property; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor or the Estate; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan, provided however, that nothing herein shall affect or otherwise impair the existing right of setoff by the United States of mutual pre-petition obligations.  Notwithstanding the foregoing, federal and state governmental agencies shall not be subject to the foregoing injunction with respect

67503

to the exercise and enforcement of any of their respective regulatory or police rights and powers.

       **6.2** As of the Effective Date, all Persons that have held, currently hold or may hold any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities that are released pursuant to the Plan will be permanently enjoined from taking any of the following actions against any Person or its property on account of such released claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities, including, without limitation: (a) commencing or continuing in any manner any action or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (c) creating, perfecting or enforcing any Lien; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to any Person; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan. Notwithstanding the foregoing, federal and state governmental agencies shall not be subject to the foregoing injunction with respect to the exercise and enforcement of any of their respective regulatory or police rights and powers.

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed 11/18/11   Page 74 of 77

# XI.

## MODIFICATION OR WITHDRAWAL OF PLAN

**1.** The Debtor may seek to amend or modify the Plan at any time prior to its Confirmation in the manner provided by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code, except as the Bankruptcy Court may otherwise order, and the Debtor reserves the right to amend the terms of the Plan or waive any conditions to its Confirmation, effectiveness or consummation if the Debtor determines that such amendments or waivers are necessary or desirable to confirm, effectuate or consummate the Plan.

**2.** After confirmation of the Plan, the Debtor may apply to the Bankruptcy Court, pursuant to section 1127 of the Bankruptcy Code, to modify the Plan. After confirmation of the Plan, the Debtor may apply to remedy defects or omissions in the Plan or to reconcile inconsistencies in the Plan.

# XII.

## CONFIRMATION REQUEST

The Debtor requests that the Court confirm the Plan and that it do so, if applicable, pursuant to section 1129(b) of the Bankruptcy Code notwithstanding the rejection of the Plan by any impaired Class.

DATED: Honolulu, Hawaii, as of ~~September 30,~~ November 18, 2011.

67503

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed  11/18/11   Page 75 of 77

_____

                          John DeHart Wollstein

Submitted by:

/s/ Chuck C. Choi
CHUCK C. CHOI
ALLISON A. ITO
Attorneys for Debtor and Debtor-in-Possession
JOHN DeHART WOLLSTEIN

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 253   Filed  11/18/11   Page 76 of 77

Document comparison by Workshare Compare on Friday, November 18, 2011
5:09:22 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Documents and Settings\aito.WCELAW\Desktop\wOLLSTEIN PLAN V3.DOC |
| Description | wOLLSTEIN PLAN V3 |
| Document 2 ID | file://C:\Documents and Settings\aito.WCELAW\Desktop\WOLLSTEIN PLAN V4.DOC |
| Description | WOLLSTEIN PLAN V4 |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 53 |
| Deletions | 31 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 84 |