WAGNER CHOI & VERBRUGGE
Attorneys at Law

CHUCK C. CHOI
NEIL J. VERBRUGGE
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com
nverbrugge@hibklaw.com
aito@hibklaw.com

Attorneys for JOHN DEHART WOLLSTEIN
Debtor and Debtor-in-possession

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re: | Bk. No. 11-00098 (Chapter 11) |
| JOHN DEHART WOLLSTEIN, | Adversary Proceeding No. 12-_____ |
| Debtor and Debtor-in-Possession. | PLAINTIFF JOHN DEHART WOLLSTEIN'S OBJECTION TO TIMOTHY B. PRICKETT'S PROOF OF CLAIM 40-1 AND COUNTERCLAIM FOR AVOIDANCE (EXHIBITS "1"-"2") |
| JOHN DEHART WOLLSTEIN, Plaintiff, v. TIMOTHY B. PRICKETT, Defendant. | |

68266v1

## COMPLAINT, OBJECTION, COUNTERCLAIM

Plaintiff JOHN DEHART WOLLSTEIN, Debtor and Debtor in Possession ("Plaintiff" or "Wollstein" or "Debtor") hereby objects to the claim of TIMOTHY B. PRICKETT ("Prickett" or "Defendant") set forth in the proof of claim filed on February 1, 2012 as Claim 40-1 in the claims register in the Debtor's main bankruptcy case, and asserts a counterclaim against Prickett based upon the following (hereinafter, the "Objection and Counterclaim"):

## THE PARTIES & PROPERTY

1.     Plaintiff JOHN DEHART WOLLSTEIN is a resident of the City and County of Honolulu, and a Debtor and Debtor in Possession in the Chapter 11 bankruptcy case bearing Bk. No. 11-00098 in the United States Bankruptcy Court for the District of Hawaii.  The Debtor in Possession has all the rights, powers, and duties specified in 11 U.S.C. § 1107 of a trustee serving in a case under this chapter.

2.     Plaintiff JOHN DEHART WOLLSTEIN is the owner, in fee simple, of that certain real property located at 91-449 Ewa Beach Road and bearing Tax Map Key No. (1) 9-1-006-001 (hereinafter the "Ewa House" or the "Property").

3.     Defendant TIMOTHY B. PRICKETT is a resident of the City and County of Honolulu, and asserts a claim against the Debtor that is allegedly secured by a "constructive ownership" claim against the Ewa House.

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 343   Filed  02/22/12   Page 2 of 54

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

5.     Plaintiffs' claims make this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), (K), and (O).

6.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

7.     On November 4, 2003, the Child Support Enforcement Agency recorded, as Document No. 2003-255760, a judgment against Prickett in the amount of $3,050 and monthly child support of $350 commencing November 2003.

8.     On May 30, 2007, LORNA IRENE PRICKETT executed a negatively amortizing note in the principal sum of approximately $617,000.00 in favor of Home Funding Corp. promising to make monthly interest only payments at an initial fixed rate of 7.375% on monthly payments, with interest rate to adjust on July 1, 2012.

9.     As of April 2008, the Ewa House was titled in the name of LORNA IRENE PRICKETT, and TIMOTHY BYRON PRICKETT, as joint tenants.  Lorna Prickett is the mother of Timothy Prickett, and resides in California.

U.S. Bankruptcy Court - Hawaii  #11-00098  Dkt # 343  Filed 02/22/12  Page 3 of 54

10. As of April 2008, Flagstar Bank held or serviced a first priority mortgage secured by the Ewa House in the approximate amount of $629,000.00.

11. On March 12, 2008, Citibank recorded a judgment, as Document No. 2008-038340, against Prickett in the amount of $19,618.59.

12. As of April 2008, upon information and belief, due to the global credit crunch and steep decline in real property and home values, the Ewa House was "upside down", i.e., the fair market value of the Ewa House was less that the amount of liens and encumbrances thereon.

13. Additionally, as of April 2008, both Lorna Prickett and Timothy Prickett were financially unable to make the required monthly payments on the Flagstar Bank first mortgage. Mr. Prickett's primary source of income was his job as a contractor, and Mr. Prickett had lost his contractors license and was unable to work as a contractor as he previously could.

14. On May 7, 2008, LORNA IRENE PRICKETT, and TIMOTHY BYRON PRICKETT, as Sellers, entered into an Agreement of Sale to sell the Ewa House to JOHN DEHART WOLLSTEIN, as Buyer, which was recorded on May 9, 2008 as Document No. 3745835 on Transfer Certificate of Title No. 862048 (the "2008 Agreement of Sale").

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 343   Filed   02/22/12   Page 4 of 54

15.    The 2008 Agreement of Sale provided that Wollstein would purchase the Ewa House by agreeing to make the monthly payments on the Flagstar first priority mortgage.

16.    Prickett continued to occupy the Ewa House, and rented the Ewa House to tenants.

17.    During this time, and at times thereafter, Mr. Prickett faced charges relating to illegal drugs, kidnapping, and assault.

18.    On December 4, 2008, a State Court Judge signed a search warrant to search the Ewa House for illegal methamphetamine drugs, and the State issued a drug nuisance abatement warning letter.

19.    In addition to Prickett's occupation of the Ewa House, and Wollstein's making the monthly mortgage payments to Flagstar Bank, Wollstein also funded significant payments and value to or for the benefit of Timothy Prickett or his designee, including paying for utilities, insurance, fines, etc.

20.    Wollstein had hoped that Prickett's financial difficulties as an out of work contractor would improve, and that Prickett would later be able to repay the amounts that Wollstein had loaned.

21.    Including monthly payments to Flagstar Bank, from April 2008 to August 27, 2009, Wollstein paid at least $142,493.50 for the benefit of Prickett or his designees.

U.S. Bankruptcy Court - Hawaii  #11-00098  Dkt # 343  Filed 02/22/12  Page 5 of 54

22.    In January 20, 2009, Wollstein notified Prickett that he must cease all drug-related activity at the Ewa House.

23.    On or about February 27, 2009, the City and County of Honolulu recorded, as Document No. 2009-089481, a County Civil Fine Lien in the amount of $30,350.00.

24.    On April 17, 2009, Wollstein requested that Prickett engage in mediation to address the debts owed by Prickett to him.

25.    Thereafter, on or about April 2009, Prickett prevented an appraiser from inspecting the Ewa House.

26.    On or about July 22, 2009, Wollstein paid off the Citibank Judgment Lien.

27.    Throughout the summer of 2009, Wollstein and Prickett engaged in negotiations over how Prickett would repay the substantial amounts that Wollstein had loaned Prickett and how to handle the ownership of the Ewa House.

28.    On or about August 28, 2009, Wollstein and Prickett executed an Agreement dated August 28, 2009 (the "2009 Agreement"). ***See Exhibit "1"***.

29.    In connection with the 2009 Agreement, on August 28, 2009, Prickett executed a Deed in Satisfaction in favor of the Debtor for the Ewa House. This Deed in Satisfaction was recorded on April 8, 2010 with the Assistant Registrar of

the Land Court as Document No. 3953484 on Transfer Certificate of Title No. 977906. From that point on, the Debtor was the title owner of the Ewa House.

30.　　Both Prickett and Wollstein agreed that the execution of the Agreement dated August 28, 2009 (the "2009 Agreement") would satisfy all obligations owed by Wollstein to Prickett under the Agreement of Sale dated May 7, 2008.

31.　　Around this time, Wollstein agreed to assume a debt owed by Lorna Prickett in the approximate amount of $10,000 at 25% interest.

32.　　On or about September 30, 2009, Wollstein, Lorna Prickett, and Flagstar Bank entered into a Mortgage Assumption Agreement and Loan Modification Agreement whereby Wollstein agreed to assume all obligations owed by Lorna Prickett to Flagstar Bank under the Flagstar Bank Loan and Mortgage.

33.　　The Debtor understood that his obligations under the 2009 Agreement totaled $157,000 payable in weekly increments, due every Monday of each week until such amount is paid in full.

34.　　Significantly, paragraph 1.b. of the 2009 Agreement provides that the commencement date for the weekly installment payments did not start until:

> Payment of this amount shall commence on the Monday
> following the date that T. Prickett vacates from the
> Subject Property.

35.　　Prickett did not vacate the Ewa House on August 28, 2009.

U.S. Bankruptcy Court - Hawaii　#11-00098　Dkt # 343　Filed 02/22/12　Page 7 of 54

36.     In fact, despite having executed an agreement to vacate the Ewa House no later than September 1, 2009, Mr. Prickett did not comply with his agreement to vacate.  Instead, Mr. Prickett stayed in the Ewa House until his eventual incarceration on or about May 17, 2010.[1]

37.     Thus, for a period of approximately 8.5 months, Mr. Prickett occupied the Ewa House.

38.     Mr. Prickett's extended holdover and occupation of the Ewa House has an important impact on analyzing his claim against Wollstein.

39.     The Debtor's obligation to make commence making payments under the Agreement did not commence until May 17, 2010, the date that Mr. Prickett finally terminated his occupation of the Ewa House.[2]

40.     Since May 17, 2010 to the present date, approximately 90 weeks have elapsed.  Accordingly, to date, the Debtor's total installment monetary obligations under the Agreement do not exceed $90,000.00.

41.     The balance of the amounts owed under the Agreement will continue to be due, in the future, on a weekly basis.

---

[1] Mr. Prickett was incarcerated from approximately May 17, 2010 to December 31, 2010.

[2] Even after May 17, 2010, Mr. Prickett's friends continued their occupation of the Ewa House for an additional 10 days which prevented the Debtor from cleaning or otherwise utilizing the Ewa House during this extended time. The Debtor reserves all rights with respect to this additional 10 day period that Mr. Prickett's friends occupied the Ewa House.

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 343   Filed 02/22/12   Page 8 of 54

42.     In light of Mr. Prickett's occupation of the Ewa House, the Debtor caused, via James T. Shipman, a letter to be sent to Mr. Prickett notifying him that he was to be charged $150.00 a day + $50 for each guest per day for the continued occupation of the Ewa House.

43.     In light of Mr. Prickett's extended occupation of the Ewa Beach House, from September 1, 2009 to May 17, 2010, and applying a daily charge of $150.00, the Debtor has provided value or equivalency payments to Prickett during that time of $38,850 for rent.

44.     Also, from September 1, 2009 to May 17, 2010, the Debtor provided value or equivalency payments to Prickett of an additional $5,295.51 in utility payments that Mr. Prickett benefited from while he continued to occupy the Ewa House.  The Debtor did not provide this value as a gift, but intended that any obligations owed by him under the Agreement would be reduced.  Accordingly, the Debtor is entitled to a credit of $44,145.51 towards reducing the amounts due from him to Mr. Prickett under the Agreement.

45.     Additionally, even though the Debtor was not obligated to make early payments under the terms of the Agreement (i.e., before Mr. Prickett completely vacated the Ewa House), the Debtor did make numerous and significant payments to Prickett and/or his designee which were intended to reduce the amount owing under the Agreement.

U.S. Bankruptcy Court - Hawaii  #11-00098  Dkt # 343  Filed  02/22/12  Page 9 of 54

(a)     From August 29, 2009 to January 14, 2011, the Debtor paid $18,200, primarily in the form of "direct" checks, to or for the benefit of Mr. Prickett.

(b)     From August 29, 2009 to January 14, 2011, the Debtor made additional "indirect" payments to Mr. Prickett or his designee in the amount of $17,600.00.

(c)     Additionally, from August 29, 2009 to January 14, 2009, the Debtor paid an additional $7,734.65 to Mr. Prickett or his designee which payments are evidenced by various receipts and checks.

(d)     Finally, from January 15, 2011 to December 31, 2011, the Debtor made payments totaling $1,100 to Mr. Prickett, and the Debtor made an accommodation payment for the benefit of Mr. Prickett in the amount of $101.00.

46.     In total, the Debtor has paid to Mr. Prickett at least $88,881.16 in amounts that have been documented by check, receipts, or other evidence. *See Exhibit "2"*.[3] In actuality, the Debtor's has likely paid even more to Mr. Prickett but because a large number of payments were in cash there are no receipts.

47.     The Debtor has also made additional cash payments to Mr. Prickett.

---

[3] The Debtor reserves the right to supplement the amounts set forth herein, and any enclosed spreadsheets, with additional amounts and additional receipts, checks, and documents.

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 343   Filed 02/22/12   Page 10 of 54

48. After taking into account the value and payments provided by the Debtor to Mr. Prickett and his designee that have been documented, the Debtor is virtually current on any obligations owed under the Agreement.

49. Additionally, without including the significant and numerous cash payments made by the Debtor to Mr. Prickett or his designee, after deducting the amount of documented payments, the total amount of the Debtor's remaining obligations under the Agreement would total only $68,118.84 ($157,000 - $88,881.16). However, because the Debtor is not in default on any weekly installment payment, the remaining obligation of approximately $68k would only be payable, over time, i.e., the next 68 weeks.

50. By virtue of the Deed in Satisfaction that was recorded on April 8, 2010 with the Assistant Registrar of the Land Court as Document No. 3953484 on Transfer Certificate of Title No. 977906, the Debtor is the fee simple owner of the Ewa House, and Prickett has no recorded interest against the Ewa House. The Debtor obtained title insurance showing that title to the Ewa House was in his name.

51. Although Prickett might complaint that he was entitled to a Second Mortgage, he did not cause any Second Mortgage to be recorded against the Ewa Property. Prickett's failure to prepare and have recorded a Second Mortgage was through no fault of the Debtor. The Debtor had no legal obligation to prepare the

U.S. Bankruptcy Court - Hawaii  #11-00098  Dkt # 343  Filed 02/22/12  Page 11 of 54

Second Mortgage, and preparation of any security document is typically done by the party extending credit. The Debtor was willing, ready, and able to execute any Second Mortgage that Mr. Prickett would have presented to him, and the Debtor signed every document prepared by escrow to document the Agreement and the Deed in Satisfaction. The failure of Mr. Prickett to prepare a Second Mortgage for the Debtor to sign cannot be the basis for any imputation of fraudulent intent when the Debtor had no legal obligation to prepare the Second Mortgage, and the terms of the Agreement did not require the Debtor to prepare the Second Mortgage.

52. On January 14, 2011 (the "Petition Date"), Wollstein filed, *pro se*, a petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Hawaii (the "Court").

53. The Debtor did not file for Chapter 11 reorganization for the purpose of somehow evading any obligation to Mr. Prickett. In fact, the Debtor's plan proposed 100% payment to unsecured creditors. The reason the Debtor filed for Chapter 11 reorganization was to obtain breathing room due to a bank lender foreclosure of one of his properties.

54. On or about February 1, 2012, Defendant Prickett filed a proof of claim as Claim 40-1 in the claims register in the Debtor's main bankruptcy case

asserting a claim in the amount of $1,400,000.00 that is allegedly secured by a "constructive ownership" claim against the Ewa House.

## OBJECTION TO CLAIM

PLAINTIFF asserts the following objection to Defendant Prickett's claim, reserving all rights to amend the allegations and objections set forth in the Objections and Counterclaims.

## OBJECTION No. 1
## (Objection to Allowance of Prickett Claim as Excessive and Not Supported by 2009 Agreement)

55.     Paragraphs 1 through __ above are realleged and incorporated herein by this reference.

56.     11 U.S.C. § 502(b)(1) provides that a claim that is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured, shall not be allowed.

57.     Wollstein and Prickett executed the 2009 Agreement.

58.     Wollstein is not in breach of the 2009 Agreement.

59.     Prickett's claim for $1,400,000.00 against the Debtor's estate is without basis in law or fact, and grossly exceeds any amounts that could conceivably be due under the terms of the 2009 Agreement.

60.     Prickett's claim must be disallowed or reduced under 11 U.S.C. §
502(b)(1) and the applicable Hawaii law of contracts.

61.     The Debtor is entitled to a judgment against Prickett on the 2009
Agreement, reasonably attorneys' fees, and costs incurred in litigating this matter.

## COUNTERCLAIM

PLAINTIFF asserts the following counterclaim against Prickett, reserving
all rights to amend the allegations and counterclaim set forth in the Objection and
Counterclaim.

## COUNTERCLAIM - COUNT 1
### (Determination of Validity, Priority, or Extent of Claimed Lien or Interest: Declaratory Judgment that Prickett's Claimed "Secured" Lien and Proof of Claim is Unenforceable Against the Property and the Estate)

62.     Paragraphs 1 through __ above are realleged and incorporated herein
by this reference.

63.     An actual justiciable controversy has arisen and now exists between
Plaintiff Wollstein, on the one hand, and Defendant Prickett, on the other hand, as
to their respective positions as to the Ewa House.

64.     On the one the one hand, Plaintiff and Debtor-in-Possession Wollstein
maintains that, by virtue of the Deed in Satisfaction that was recorded on April 8,
2010 with the Assistant Registrar of the Land Court as Document No. 3953484 on
Transfer Certificate of Title No. 977906, the Debtor is the fee simple owner of the
Ewa House, and Prickett has no recorded interest against the Ewa House.

65.     On the other hand, Prickett contends, without legal basis, that his claim is "secured" by a "constructive ownership" claim against the Ewa House.

66.     Issuance of declaratory judgment is necessary to establish without question Plaintiff and Debtor-in-Possession Wollstein's rights, to resolve the controversy between the parties, to avoid successive actions on the same or similar subjects and to terminate uncertainties and controversies which gave rise to these proceedings.

## COUNTERCLAIM COUNT - 2
### (Avoidance under 11 U.S.C. §§ 544(a) – "Constructive Ownership" Claim is Invalid)

67.     Paragraphs 1 through __ above are realleged and incorporated herein by this reference.

68.     Pursuant to 11 U.S.C. § 1107, as Debtor in Possession, Plaintiff Wollstein has all the rights, powers and duties of the trustee serving in a case.

69.     Prior to the Petition Date, Prickett did not have a recorded interest against the Ewa House.

70.     The Ewa House is Land Court property, and prior to the Petition Date, Prickett had failed to record any mortgage or other interest on the transfer certificate of title to the Ewa House.

71.     Even if substantiated (which Plaintiff expressly denies), Prickett's "constructive ownership" claim is, at most, an unrecorded equitable interest.

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 343   Filed 02/22/12   Page 15 of 54

72.     As of the Petition Date, the Debtor, as a debtor in possession ("DIP"), had, without regard to any knowledge of Debtor or any creditor, the status of a creditor that extends credit to Debtor and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such creditor exists.

73.     As of the Petition Date, the Debtor, as a DIP, had, without regard to any knowledge of Debtor or any creditor, the status of a creditor that extends credit to Debtor and that obtains, at such time and with respect to such credit, an execution against Debtor that is returned unsatisfied at such time, whether or not such creditor exists.

74.     As of the Petition Date, Debtor, as a DIP, had, without regard to any knowledge of Debtor or any creditor, the status of a bona fide purchaser of real property.

75.     Pursuant to 11 U.S.C. § 544(a), the Debtor, as DIP, has rights and interests in the Property superior to any interest of Prickett in the Property.

76.     Pursuant to 11 U.S.C. § 544(a), Prickett's purported "constructive ownership" claim purported to be secured by the Ewa House is without basis, and subject to avoidance.

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 343   Filed 02/22/12   Page 16 of 54

# PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

A.     That process of this Honorable Court issue commanding and summoning Defendant Timothy B. Prickett to appear and answer the allegations of this Complaint, and to perform and abide by all such orders, directions and decrees as may be made and entered herein;

B.     That this Honorable Court enter judgment in Plaintiff's favor against Defendant Timothy Prickett on the causes of action set forth above;

C.     Disallowing Timothy Prickett's proof of claim against the Estate to the extent that Timothy Prickett seeks to satisfy such claim from the Property or property of the Estate;

D.     Disallowing Timothy Prickett's proof of claim as a "secured" claim against the Estate and disallowing any postpetition interest, fees, and costs thereon;

E.     Determining and declaring that the Debtor in Possession's rights, title, and interest in the Property as "trustee" are superior to Defendant Timothy Prickett;

F.     Awarding to Plaintiffs all damages as allowed under the law;

G.     Awarding to Plaintiffs attorneys' fees and costs, including as the prevailing party in matters before this Court; and

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 343   Filed 02/22/12   Page 17 of 54

H.     That this Honorable Court award such further legal, equitable or other relief which the circumstances may require in order to provide the Plaintiffs fulle and complete relief.

DATED: Honolulu, Hawaii, February 22, 2012.

/s/Neil J. Verbrugge
WAGNER CHOI & VERBRUGGE
Chuck C. Choi
Neil J. Verbrugge


Attorneys for Plaintiff
and Debtor-in-Possession
JOHN DEHART WOLLSTEIN

# EXHIBIT "1"

## AGREEMENT

This Agreement is made this *28th* day of *August*, 2009, by and between TIMOTHY B. PRICKETT (hereinafter referred to as "T. Prickett"), LORNA I. PRICKETT (hereinafter referred to as "L. Prickett") and JOHN D. WOLLSTEIN (hereinafter referred to as "Wollstein").

### WITNESSETH:

WHEREAS, T. Prickett and L. Prickett, as sellers, and Wollstein, as buyer, entered into that certain Agreement of Sale dated May 7, 2008, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. 3745835, for that certain real property located at 91-449 Ewa Beach Road, Ewa Beach, Hawaii 96706, TMK: (1) 9-1-006-001 (hereinafter referred to as "Subject Property"); and

WHEREAS, the parties have agreed to enter into this Agreement to satisfy all of the terms and conditions of the Agreement of Sale.

NOW, THEREFORE, the parties hereto mutually agree and covenant as follows:

1. Payment by Wollstein. As and for the conveyance herein, Wollstein agrees to pay T. Prickett the sum of ONE HUNDRED FIFTY-SEVEN THOUSAND DOLLARS ($157,000.00) payable as follows:

   a. The sum of $1,000.00 upon execution of this Agreement.

   b. The remaining sum of $156,000.00 shall be payable in weekly increments of $1,000.00, with each payment due every Monday of each week until such amount is paid in full. No interest is payable. Payment of this amount shall commence on the Monday following the date that T. Prickett vacates from the Subject Property.

2. Additional Payments by Wollstein. In addition to the above, Wollstein shall pay the following:

   a. The sum of $10,000.00 T. Prickett to be used for T. Prickett's legal expenses. Such amount to be paid by Wollstein on or before



   b. The sum not to exceed $12,500.00 due to for the current bail bond for T. Prickett. Wollstein shall be entitled to any refund or re-payment for said bail bond.

   c. The sum of $10,000.00 plus interest that is owed by L. Prickett on her charge card for the charge of the original principal amount of



"I Certify This To Be a True and Correct Copy of the Original."
FIRST HAWAII TITLE CORPORATION
By: [signature]
Its: Escrow Officer
Date: 1/18/2011

W 0724

$10,000.00.

2

W 0725

3.   No prepayment penalty.   There shall be no penalty in the event Wollstein pre-pays any amounts provided for in this Agreement.

4.   Satisfaction of Agreement of Sale.   The Agreement of Sale between the parties shall be deemed to be satisfied by the terms and conditions set forth herein.   Therefore, T. Prickett and L. Prickett shall execute and deliver that certain Deed in Satisfaction of Agreement of Sale to Wollstein, in the form as set forth as Exhibit "A" attached hereto.

5.   Further Liability with Respect to Property Liens.   Wollstein hereby accepts the Subject Property with all encumbrances as set forth in Exhibit "A" and all other requirements imposed by any governmental body, which include the following:

    a.   Paying for draftsman drawings as required by the Building Department.

    b.   Paying for the required shoreline survey to determine the setback.

    c.   Paying for all repairs to remedy the structural defects as required by the Building Department.

    d.   Completing the improvements in the area above the garage.

    e.   Shall remove the judgment lien encumbering the Subject Property in favor of Citibank (South Dakota), N.A. issued in Civil No. 1RC08-1-295.

    f.   Shall remove the Judgment for Paternity Lien encumbering the Subject Property issued by the Family Court of the First Circuit, State of Hawaii, FC-P No. 03-1-0846-CSEA No. 153367.

    g.   Shall be responsible for the Mortgage made by L. Prickett in favor of Home Funding Corp., for the original principal amount of $617,000.00.

    h.   Shall be responsible for the County Civil Fine Lien against T. Prickett and L. Prickett for the original amount of $30,350.00.

As to subparagraphs e, f and h, Wollstein shall not bear any responsibility aside from removing such liens as encumbrances on the Subject Property.

5.   T. Prickett to vacate Subject Property.   T. Prickett shall vacate the Subject Property as soon as practicable.   Upon vacating the Subject Property, T. Prickett shall be considered trespassing if T. Prickett returns to the Subject Property without proper invitation.

3

W 0726

6. Forgiveness of Debt. Wollstein hereby forgives and releases T. Prickett from any and all liability for any debt owed by T. Prickett to Wollstein. This would include the payments of $6,000.00 a month that was to commence on May 1, 2009 as well as other amounts owed.

7. Payment of Fees and Cost. Wollstein shall pay all costs and expenses associated with this transaction, including but not limited to, escrow fees, recording fees, title fees, conveyance tax, preparation of documents, attorney's fees and related expenses.

8. Use of Escrow. Escrow for this transaction shall be with First Hawaii Title. Given the nature of this transaction, the parties hereby release First Hawaii Title, its agents, employees, officers, directors, attorneys and other related persons from all liability stemming from this transaction. The parties hereto shall also indemnify First Hawaii Title, its agents, employees, officers, directors, attorneys and other related persons from all claims by the parties or from third parties that relate to this transaction.

9. Mortgage. Wollstein's obligations under this Agreement shall be secured by a Second Mortgage on the Subject Property. Upon full satisfaction of the payment sums provided herein, T. Prickett shall release said mortgage at T. Prickett's expense.

10. Entire Agreement. This Agreement represents the complete and fully integrated agreement of the parties and supersedes all prior or contemporary negotiations and agreements relating to the subject mattes of this Agreement. This Agreement contains the entire agreement between the parties. The terms of this Agreement are contractual and not a mere recital. The terms of this Agreement are to be construed under the laws of the State of Hawaii.

11. Headings. The headings included in this Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Agreement.

12. Attorney's Fees. In the event it becomes necessary for any party to retain an attorney to enforce the terms of this Agreement, the prevailing party shall be entitled to cost and reasonable attorney's fees from the other party.

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the day and year first above written.

_____
TIMOTHY B. PRICKETT

_____
LORNA I. PRICKETT

4

JOHN D. WOLLSTEIN

5

W 0727

# EXHIBIT "2"

John Wollstein
Summary of Worksheets related to Timothy Prickett

Payments made to or on behalf of Timothy Prickett PRE PETITION 08/29/2009 to 01/14/2011

| | |
|---|---|
| 1) Payments to Timothy Prickett Per Check Register | 18200.00 |
| 2) Indirect Payments on behalf of Timothy Prickett | 17600.00 |
| 3) Indirect Payments on behalf of Timothy Prickett (JDW Receipts) | 7734.65 |
| 4) Rent Calculation for Timothy Prickett 09/01/09 to 05/17/10 | 44145.51 |

Payments made to or on behalf of Timothy Prickett POST PETITION 01/15/11 to 12/31/11

| | |
|---|---|
| 5) Payments to Timothy Prickett per Check Register | 1100.00 |
| 6) Payment for accomodations 02/01/11 | 101.00 |

| | |
|---|---|
| Grand total of payments made to or on behalf of Timothy Prickett | 88881.16 |

| | | | | | Payments to | |
|---|---|---|---|---|---|---|
| Date | Type | Num | Name | Memo/Description | TP | Balance |

John Wollstein     Pre-Petition
Payments to Tim Prickett  (#1 on Summary)
August 29, 2009 - January 14, 2011

| Date | Type | Num | Name | Memo/Description | Payments to TP | Balance |
|---|---|---|---|---|---|---|
| **16.0208 91-449 Ewa Beach** | | | | | | |
| 10/20/2009 | Check | 2706 | Timothy Prickett | | 150.00 | 150.00 |
| 10/27/2009 | Check | 2720 | Timothy Prickett | | 150.00 | 300.00 |
| 10/28/2009 | Check | 2721 | Timothy Prickett | | 150.00 | 450.00 |
| 10/29/2009 | Check | 2731 | Timothy Prickett | | 100.00 | 550.00 |
| 10/30/2009 | Check | 2733 | Timothy Prickett | | 100.00 | 650.00 |
| 11/01/2009 | Check | 2735 | Timothy Prickett | | 100.00 | 750.00 |
| 11/03/2009 | Check | 2737 | Timothy Prickett | | 75.00 | 825.00 |
| 11/03/2009 | Check | 2741 | Timothy Prickett | | 200.00 | 1,025.00 |
| 11/07/2009 | Check | 2745 | Timothy Prickett | | 100.00 | 1,125.00 |
| 11/09/2009 | Check | 2748 | Timothy Prickett | | 100.00 | 1,225.00 |
| 11/10/2009 | Check | 2768-70 | Timothy Prickett | | 300.00 | 1,525.00 |
| 11/19/2009 | Check | 2783 | Timothy Prickett | | 100.00 | 1,625.00 |
| 11/19/2009 | Check | 2784 | Timothy Prickett | | 100.00 | 1,725.00 |
| 11/20/2009 | Check | 2786 | Timothy Prickett | | 100.00 | 1,825.00 |
| 11/27/2009 | Deposit | | | | (100.00) | 1,725.00 |
| 11/27/2009 | Check | 2797 | Timothy Prickett | | 100.00 | 1,825.00 |
| 11/27/2009 | Check | 2798 | Timothy Prickett | | 100.00 | 1,925.00 |
| 11/30/2009 | Check | 2810 | Timothy Prickett | | 100.00 | 2,025.00 |
| 12/03/2009 | Check | 2816 | Timothy Prickett | | 100.00 | 2,125.00 |
| 12/09/2009 | Check | 2832 | Timothy Prickett | | 100.00 | 2,225.00 |
| 12/14/2009 | Check | 2855 | Timothy Prickett | | 300.00 | 2,525.00 |
| 12/23/2009 | Check | 2867 | Timothy Prickett | | 100.00 | 2,625.00 |
| 12/28/2009 | Check | 2885 | Timothy Prickett | | 100.00 | 2,725.00 |
| 01/11/2010 | Check | 2915 | Timothy Prickett | | 50.00 | 2,775.00 |
| 01/11/2010 | Check | 2916 | Timothy Prickett | | 50.00 | 2,825.00 |
| 01/12/2010 | Check | 2918 | Timothy Prickett | | 50.00 | 2,875.00 |
| 01/14/2010 | Check | 2922 | Timothy Prickett | | 75.00 | 2,950.00 |
| 01/19/2010 | Check | 2934 | Timothy Prickett | | 100.00 | 3,050.00 |
| 02/01/2010 | Check | 2959 | Timothy Prickett | | 100.00 | 3,150.00 |
| 02/06/2010 | Check | 3026 | Timothy Prickett | | 50.00 | 3,200.00 |
| 02/09/2010 | Check | 3029 | Timothy Prickett | | 50.00 | 3,250.00 |
| 02/16/2010 | Check | 3064 | Timothy Prickett | | 50.00 | 3,300.00 |
| 02/19/2010 | Check | 3069 | Timothy Prickett | | 200.00 | 3,500.00 |
| 02/21/2010 | Check | 3082 | Timothy Prickett | | 100.00 | 3,600.00 |
| 02/23/2010 | Journal Entry | AJE-147 | | Timothy Prickett | 2,100.00 | 5,700.00 |
| 02/26/2010 | Check | 3085 | Timothy Prickett | | 100.00 | 5,800.00 |
| 03/03/2010 | Check | 3119 | Timothy Prickett | | 100.00 | 5,900.00 |
| 03/04/2010 | Check | 3121 | Timothy Prickett | | 200.00 | 6,100.00 |
| 03/07/2010 | Check | 3171 | Timothy Prickett | | 100.00 | 6,200.00 |
| 03/11/2010 | Check | 3116 | Timothy Prickett | | 50.00 | 6,250.00 |
| 03/11/2010 | Check | 3172 | Timothy Prickett | | 200.00 | 6,450.00 |
| 03/19/2010 | Check | 3207 | Timothy Prickett | | 100.00 | 6,550.00 |
| 03/23/2010 | Check | 3213 | Timothy Prickett | | 400.00 | 6,950.00 |
| 03/31/2010 | Journal Entry | AJE-151 | | Timothy Prickett | 2,750.00 | 9,700.00 |
| 03/31/2010 | Check | 3225 | Timothy Prickett | also ck #3226 | 100.00 | 9,800.00 |
| 04/02/2010 | Check | EFT | Timothy Prickett | | 150.00 | 9,950.00 |
| 04/11/2010 | Check | 3289 | Timothy Prickett | | 2,500.00 | 12,450.00 |

Page 1 of 2

| | | | | | Payments to | |
|---|---|---|---|---|---|---|
| Date | Type | Num | Name | Memo/Description | TP | Balance |
| 04/20/2010 | Check | 3333 | Timothy Prickett | | 200.00 | 12,650.00 |
| 04/21/2010 | Check | 3334 | Timothy Prickett | | 300.00 | 12,950.00 |
| 04/22/2010 | Check | 3336 | Timothy Prickett | | 600.00 | 13,550.00 |
| 04/27/2010 | Check | 3349-50 | Timothy Prickett | ck #3350 James Prickett | 200.00 | 13,750.00 |
| 05/01/2010 | Check | 3371 | Timothy Prickett | | 1,000.00 | 14,750.00 |
| 05/07/2010 | Check | 3384-5 | Timothy Prickett | | 200.00 | 14,950.00 |
| 05/10/2010 | Check | 3411-2 | Timothy Prickett | | 150.00 | 15,100.00 |
| 05/15/2010 | Check | 3447 | Timothy Prickett | | 500.00 | 15,600.00 |
| 06/30/2010 | Journal Entry | AJE-159 | | Prickett Money Order | 100.00 | 15,700.00 |
| 10/21/2010 | Check | 4051 | Timothy Prickett | | 500.00 | 16,200.00 |
| 11/18/2010 | Check | 4138 | Timothy Prickett | | 500.00 | 16,700.00 |
| 12/12/2010 | Check | 4264 | Timothy Prickett | | 250.00 | 16,950.00 |
| 12/19/2010 | Check | 4291 | Timothy Prickett | | 250.00 | 17,200.00 |
| 12/29/2010 | Check | 4317 | Timothy Prickett | | 200.00 | 17,400.00 |
| 01/12/2011 | Check | 4375 | Timothy Prickett | | 800.00 | 18,200.00 |
| | | | | | | |
| Total for 16.0208 91-449 Ewa Beach | | | | | 18,200.00 | 18,200.00 |

John Wollstein      Pre-Petition
Payments to Tim Prickett  (#1 on Summary)
August 29, 2009 - January 14, 2011

| | | | | | Indirect TP | |
|---|---|---|---|---|---|---|
| Date | Type | Num | Name | Memo/Description | Payments | Balance |

**John Wollstein      Pre-Petition**
**Indirect Payments for Tim Prickett   (#2 on Summary)**
**August 29, 2009 - January 14, 2011**

**16.0208 91-449 Ewa Beach**

| Date | Type | Num | Name | Memo/Description | Indirect TP Payments | Balance |
|---|---|---|---|---|---|---|
| 12/11/2009 | Receipt/JDW | | Timothy Prickett | 1986 Dodge Van | 2,000.00 | 2,000.00 |
| 12/18/2009 | Receipt/JDW | | Timothy Prickett | 1996 Cryslter Van | 2,000.00 | 4,000.00 |
| 12/20/2009 | Journal Entry | AJE-124 | | Tomothy Prickett cash | 850.00 | 4,850.00 |
| 01/12/2010 | Receipt/JDW | | Timothy Prickett | 1996 Mercury Villager | 1,800.00 | 6,650.00 |
| 01/31/2010 | Journal Entry | AJE-141 | | Timothy Prickett ck#2958 | 400.00 | 7,050.00 |
| 02/09/2010 | Journal Entry | AJE-144 | | Timothy Prickett deposit | 150.00 | 7,200.00 |
| 03/05/2010 | Receipt/JDW | | Timothy Prickett | 1996 Toyota Tercel | 800.00 | 8,000.00 |
| 03/08/2010 | Receipt/JDW | | Timothy Prickett | 1989 Mercedes Benz | 1,200.00 | 9,200.00 |
| 03/24/2010 | Check | 3214 | Timothy Prickett | Shipman/Electric EB Prop | 1,000.00 | 10,200.00 |
| 04/27/2010 | Check | 3349-50 | Timothy Prickett | ck#3350 James Prickett | 50.00 | 10,250.00 |
| 05/04/2010 | Check | 3380 | Timothy Prickett | James Shipman | 450.00 | 10,700.00 |
| 08/18/2010 | Check | 3820 | Timothy Prickett | James Shipman | 500.00 | 11,200.00 |
| 09/11/2010 | Check | 3915 | Timothy Prickett | Teresita Pagala | 750.00 | 11,950.00 |
| 09/20/2010 | Journal Entry | AJE-166 | | Teresa Dagala cash | 2,500.00 | 14,450.00 |
| 09/20/2010 | Journal Entry | AJE-166 | | Mecedes sedan-Dagala | 2,850.00 | 17,300.00 |
| 11/18/2010 | Check | 4137 | Timothy Prickett | Teresita Pagola | 300.00 | 17,600.00 |
| | | | | | | |
| | | | | | | |
| **Total for 16.0208 91-449 Ewa Beach** | | | | | **17,600.00** | **17,600.00** |

Page 1 of 1

I Timothy Prickett agree to pay $20000.00 for a 1986 Dodge Van which I'm signing over to a friend of mine.

Tim Prickett

$300 CASH

1

Bill of Sale
1996 Crysler Van 2000
$ 2000.00

Dec. 18.09

2

# Bill Of Sale

I, Timothy Prickett have received a 1996 Mercury Villager mini-van,
VIN# 4M2DV11W6TDJ25619, on this 12ᵗʰ day of January, 2010 by and/or
through James T. Shipman for the amount of $1800.00.

*James Shipman*
James Shipman
Seller

Timothy Prickett
Buyer

– 100 For
Fuel Pump
*Lani Shipman*
Lani Shipman
Witness

*(signature)*
1-12-10

*3*

— Funding _____ received a Toyota Tercel for $800⁰⁰ an March 15, 2010 This is as do Bill of Sale

3x4-5
60 cu ft

Hen to Calf

543-9311

Fajls far...

4

## Bill of Sale

I, Timothy Prickett received a 1989 Mercedes Benz, VIN# WDBCA45E0KA452399, from James Shipman on March 7, 2010 for the amount of $1200.00. This is an, "AS IS" sale.


**James Shipman**
**Seller**


**Timothy Prickett**
**Buyer**

---

## INVOICE

532908

| SOLD TO | | | | SHIP TO | | | |
|---|---|---|---|---|---|---|---|
| ADDRESS | | | | ADDRESS | | | |
| CITY, STATE, ZIP | | | | CITY, STATE, ZIP | | | |

| CUSTOMER'S ORDER NO. | SALESPERSON | TERMS | F.O.B. | DATE |
|---|---|---|---|---|
| | | | | |

*I T. P.*
*Rcd $100 cash*
*from James*
*signed*

☺ adams T5080

Automobile sales agreement with Tim Prickett requested by him  on behalf of Teresa Tagala.

September 23, 2010


The car is a Mercedez four door sedan.  It is a brown color and in good condition.   VIN# WDDBA 28D 7JF500235

The car has four new tires which were purchased from Costco about one month ago.


The car is in good running condition.


The value of the car and cash given to Teresa Tagala for the insurance,

Transfer and  upkeep of the car has a value of $2,850.


The registration is  good until February 2011

The safety sticker is good until July 2011

This amount will be deducted from the  debt  owed by John Wollstein to Timothy Prickett.


_Teresa Tagala_
TERESA   PAGALA

Date:

JOHN WOLLSTEIN
922-2478
2416 ALA WAI BLVD. 1901
HONOLULU, HAWAII 96815
59-101/1213
13208

3-19-10

Pay to the Order of  Timothy Prickett
$ 100

Hindul + Ee

First Hawaiian Bank
UNIVERSITY BANKING CENTER
2411 SOUTH KING STREET
HONOLULU, HAWAII 96826

91-005

Weekel Work    John Wollstein

⑈1213010153208  48⑈205246⑈

3208, 3/19/2010, $100.00

*Work payment*
*Note: all other checks are are on mortgage note.*

JOHN WOLLSTEIN
922-2478
2416 ALA WAI BLVD. 1901
HONOLULU, HAWAII 96815
59-101/1213
13209

3-19-10

Pay to the Order of  Edward Umagat
$ 250

Two Hundred Fifty + Ee

First Hawaiian Bank
UNIVERSITY BANKING CENTER
2411 SOUTH KING STREET
HONOLULU, HAWAII 96826

91-005    John Wollstein

⑈1213010153209  48⑈205246⑈

3209, 3/19/2010, $250.00

---

JOHN WOLLSTEIN
922-2478
2416 ALA WAI BLVD. 1901
HONOLULU, HAWAII 96815
59-101/1213
13210

Img    3-19-10

Pay to the Order of  Harvey Chun
$ 250

Two Hundred Fifty +

First Hawaiian Bank
UNIVERSITY BANKING CENTER
2411 SOUTH KING STREET
HONOLULU, HAWAII 96826

91-005    John Wollstein

⑈1213010153210  48⑈205246⑈

3210, 3/29/2010, $250.00

JOHN WOLLSTEIN
922-2478
2416 ALA WAI BLVD. 1901
HONOLULU, HAWAII 96815
59-101/1213
13211

3-19-10

Pay to the Order of  Hawaii State Tax Collector
$ 1356.58

Thirteen Hundred Fifty six 58/100

First Hawaiian Bank
UNIVERSITY BANKING CENTER
2411 SOUTH KING STREET
HONOLULU, HAWAII 96826

W40070582-01    John Wollstein

GET HRM-MC

⑈1213010153211  48⑈205246⑈

3211, 4/7/2010, $1,356.58

---

JOHN WOLLSTEIN
922-2478
2416 ALA WAI BLVD. 1901
HONOLULU, HAWAII 96815
59-101/1213
13212

Thomas    3-20-10

Pay to the Order of  Karen Thomas
$ 100

One Hundred + no

First Hawaiian Bank
UNIVERSITY BANKING CENTER
2411 SOUTH KING STREET
HONOLULU, HAWAII 96826

Hawaiian Shores    John Wollstein

⑈1213010153212  48⑈205246⑈

3212, 3/22/2010, $100.00

*Working common area*

JOHN WOLLSTEIN
922-2478
2416 ALA WAI BLVD. 1901
HONOLULU, HAWAII 96815
59-101/1213
13213

400 + 250 = 650  thru  own

3-23-10

Pay to the Order of  Timothy Prickett
$ 400

Four Hundred + Ee

First Hawaiian Bank
UNIVERSITY BANKING CENTER
2411 SOUTH KING STREET
HONOLULU, HAWAII 96826

400 + 250 = 650    John Wollstein

⑈1213010153213  48⑈205246⑈

3213, 3/23/2010, $400.00

---

JOHN WOLLSTEIN
922-2478
2416 ALA WAI BLVD. 1901
HONOLULU, HAWAII 96815
59-101/1213
13214

Immediate Credit please
3-24-10

Pay to the Order of  Thomas Shipman
$ 1000

One Thousand + no

First Hawaiian Bank
UNIVERSITY BANKING CENTER
2411 SOUTH KING STREET
HONOLULU, HAWAII 96826

To Pay electric 91-449    John Wollstein

⑈1213010153214  48⑈205246⑈

3214, 3/25/2010, $1,000.00

JOHN WOLLSTEIN
922-2478
2416 ALA WAI BLVD. 1901
HONOLULU, HAWAII 96815
55-101/1213
13215

Img    3-26-10

Pay to the Order of  Harvey Chun
$ 250

Two Hundred Fifty + no

First Hawaiian Bank
UNIVERSITY BANKING CENTER
2411 SOUTH KING STREET
HONOLULU, HAWAII 96826

EB Pau du    Worker    John Wollstein

⑈1213010153215  48⑈205246⑈

3215, 3/29/2010, $250.00

| | | | | | Payments on | |
|---|---|---|---|---|---|---|
| Date | Type | Num | Name | Memo/Description | TP behalf | Balance |

John Wollstein       Pre-Petition
Payments on Tim Prickett's Behalf   (#3 on Summary)
August 29, 2009 - January 14, 2011

| Date | Type | Num | Name | Memo/Description | Payments on TP behalf | Balance |
|---|---|---|---|---|---|---|
| **16.0208 91-449 Ewa Beach** | | | | | | |
| 09/01/2009 | Receipts/JDW | | Timothy Prickett | Miscellaneous Payments | 250.00 | 250.00 |
| 10/02/2009 | Check | 2664 | Timothy Prickett | C&C of Honolulu | 277.38 | 527.38 |
| 01/06/2010 | Receipts/JDW | | Timothy Prickett | Misc Expenses | 505.00 | 1,032.38 |
| 02/09/2010 | Receipts/JDW | | Timothy Prickett | Deposit | 150.00 | 1,182.38 |
| 03/07/2010 | Receipts/JDW | | Timothy Prickett | Computer& Printer | 575.00 | 1,757.38 |
| 07/12/2010 | Receipts/JDW | | Timothy Prickett | Cash to Western Union | 100.00 | 1,857.38 |
| 07/28/2010 | Check | 3711 | Timothy Prickett | C&C Auto Reg | 577.53 | 2,434.91 |
| 07/31/2010 | Journal Entry | AJE-162 | | together w/ck #3714 | 1,500.00 | 3,934.91 |
| 10/12/2010 | Receipts/JDS | | Moneygram | | 500.00 | 4,434.91 |
| 10/31/2010 | Check | 4091 | Timothy Prickett | Public Storage | 245.03 | 4,679.94 |
| 11/10/2010 | Check | 4144 | Timothy Prickett | Public Storage | 46.80 | 4,726.74 |
| 12/22/2010 | Receipts/JDS | | Timothy Prickett | Credit Card Payment | 2,799.91 | 7,526.65 |
| 01/02/2011 | Receipts/JDS | | Timothy Prickett | Western Union | 208.00 | 7,734.65 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **Total for 16.0208 91-449 Ewa Beach** | | | | | 7,734.65 | 7,734.65 |

Page 1 of 1

Dated January 6, 2010
Work & materials on
behalf of Timothy Prichett

Receipt for the following which has been agreed upon by verbal agreement between
James Shipman and Timothy Prickett:

| | |
|---|---|
| 1- Paid cash for battery | $65.00 |
| 2- Paid cash for gas can & gas | $45.00 |
| 3- Gave cash in hand | $45.00 |
| 4- Towed van from Pearl City to Ewa beach | $150.00 |
| 5- Put cash in envelope in van | $200.00 |
| | # 505.00 |

James Shipman                                    Timothy Prickett
January 6, 2010



First Hawaiian Bank

2/9/10

Received from _____ Deposit to Timothy Prickett _____ $ 150 <u>00</u>

_____ Dollars

FHB
32
FEB - 9 2010
9

CM-532 (REV. 6/1/95)

2

1 $100

*Payment to T. Prickett* ~~~~ *endose*

```
        USPS, WAIKIKI STATION
           HONOLULU, Hawaii
             968159998
          1424030030 -0095
07/12/2010   (800)275-8777   03:26:21 PM
```

```
================ Sales Receipt ================
Product          Sale   Unit      Final
Description       Qty   Price      Price
Dom. Money Order 17363547167     $100.00
Domestic Money Order Fee           $1.10
         Subtotal:                $101.10
44c Love:          1    $0.44      $0.44
Pansies in a
Basket PSA

Total:                          ($101.54)

Paid by:
Cash                             $105.00
Change Due:                       -$3.46

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.
***********************************************
Get your mail when and where you want it
with a secure Post Office Box. Sign up for
a box online at usps.com/poboxes.
***********************************************

Bill#: 1000503158262
Clerk: 04
```

```
   All sales final on stamps and postage
     Refunds for guaranteed services only
          Thank you for your business
***********************************************
***********************************************
        HELP US SERVE YOU BETTER

   Go to: https://postalexperience.com/Pos

      TELL US ABOUT YOUR RECENT
             POSTAL EXPERIENCE

         YOUR OPINION COUNTS
***********************************************
***********************************************


               Customer Copy
```

*(Customer's Receipt stub, right side)*

UNITED STATES POSTAL SERVICE®

**CUSTOMER'S RECEIPT**

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION

NOT NEGOTIABLE

Serial Number: 17363547167

Pay to: Timothy Prickett - in Jat
Address: Waikiki
Yr/Month Day: July 12/16
2010-07-12
Post Office: 968151
Amount: $100.00
Clerk: 0004

KEEP THIS RECEIPT FOR YOUR RECORDS

3

500



This was sent to Trinity Pricket on 10/12/10

MONEYGRAM PAYMENT SYSTEMS, INC. DRAWER
P.O. BOX 9476
MINNEAPOLIS, MN 55480
PLEASE READ REVERSE SIDE    www.moneygram.com

68916969011

DATE/AMOUNT
10/12/2010
$500.00
500⁰⁰
16

RECEIPT
RECIBO

EMPLOYEE

57B (3/10)500/5000
M 98255-R

▼ DETACH HERE ▼

SAFEWAY #2747
888 KAPAHULU AVE
HONOLULU HI 96816

Oper ID: 421   Money Transfer Send
01/02/2011    Envio de Dinero
744P EST      MTCN: 097-435-4745
              NEXT DAY SERVICE

Sender/Remitente: JOHN WOLLSTEIN
Receiver/Destinatario: KENA PRICKETT

Available In/Disponible en: DEERFIELD, IL - NEXT DAY SERVICE

*[handwritten:]* Tim Prickett
Waimea - 50.00
208 as $ to daughter
thunstin change

**SAFEWAY** The Place

STORE MGR CLAYTON ETO  808-733-2600
THANK YOU FOR SHOPPING WITH US!

*[handwritten:]* Daughter a Kena Prickett

MISCELLANEOUS

MR OP   WESTERN UNION      208.00
4 **** TAX        00  BAL  208.00
        CASH            220.00

        CHANGE           12.00
11/02/11 14:45 2747 23 0101 8544

Join the Safeway Club today
Membership is Free and Instant-

YOUR CASHIER TODAY WAS SUSAN

LET US HEAR FROM YOU!
1-877-723-3929 or visit SAFEWAY.COM

Amount/Cantidad:  $  200.00
Charge(s)/Cargos:
   Service/Servicio:      8.00
Total/Total:      $  208.00



Agent Signature / Firma del Agente

Customer Signature / Firma del Cliente

IN ADDITION TO THE TRANSFER FEE, WESTERN UNION ALSO MAKES MONEY WHEN IT CHANGES YOUR DOLLARS INTO FOREIGN CURRENCY. PLEASE SEE REVERSE SIDE FOR MORE INFORMATION REGARDING CURRENCY EXCHANGE. IF THE EXCHANGE RATE FOR YOUR TRANSACTION WAS DETERMINED AT THE TIME YOU SENT THE MONEY, THE CURRENCY TO BE PAID OUT AND THE EXCHANGE RATE ARE LISTED ON YOUR RECEIPT. OTHERWISE, THE EXCHANGE RATE WILL BE SET WHEN THE RECEIVER RECEIVES THE FUNDS.

CERTAIN TERMS AND CONDITIONS GOVERNING THIS TRANSACTION AND THE SERVICES YOU HAVE SELECTED ARE SET FORTH ON THE REVERSE SIDE. BY SIGNING THIS RECEIPT, YOU ARE AGREEING TO THOSE TERMS AND CONDITIONS.

ADEMÁS DE LOS CARGOS POR EL SERVICIO DE TRANSFERENCIA, WESTERN UNION TAMBIÉN GANA DINERO CUANDO CAMBIA SUS DÓLARES A MONEDA EXTRANJERA. POR FAVOR LEA AL REVERSO MÁS INFORMACIÓN SOBRE EL CAMBIO DE MONEDA. SI EL TIPO DE CAMBIO PARA SU TRANSACCIÓN FUE FIJADO EN EL MOMENTO EN EL QUE ENVIÓ EL DINERO, LA MONEDA EN LA QUE SE HARÁ EL PAGO Y EL TIPO DE CAMBIO SE INDICARÁN EN EL RECIBO. DE LO CONTRARIO, EL TIPO DE CAMBIO SE FIJARÁ CUANDO EL DESTINATARIO RECIBA LOS FONDOS.

ALGUNOS TÉRMINOS Y CONDICIONES QUE RIGEN ESTA TRANSACCIÓN Y LOS SERVICIOS QUE USTED HA ELEGIDO SE ESTABLECEN EN LAS AL REVERSO. AL FIRMAR ESTE RECIBO, USTED DECLARA QUE ESTÁ DE ACUERDO CON ESOS TÉRMINOS Y CONDICIONES.

**WESTERN UNION**
© 2004-2007 Western Union Holdings, Inc. All Rights Reserved. Derechos Reservados.

DRCCTSHTB (06/10)
7580G

*Laptop & printer to Timothy Prickett*
*Credit of $575⁰⁰*

## INVOICE

532907

| SOLD TO | | | | | SHIP TO | | |
|---|---|---|---|---|---|---|---|
| ADDRESS | | | | | ADDRESS | | |
| CITY, STATE, ZIP | | | | | CITY, STATE, ZIP | | |
| CUSTOMER'S ORDER NO. | | SALESPERSON | TERMS | | F.O.B. | | DATE |

*I Timothy Prickett
received a Extensa
lap top computer and
printer for $575 an
3-7-2010. This is
"AS IS"*

*[signature]*

adams T5080

**Statement related to payment for cellular telephone and service**

**for Timothy Prickett post 9/1/2009**

1. I have a long account history of phone service with Mobi
2. I have had two family plans of 5 phones each that I use for myself, workers and visitors.
3. I gave one of these telephone/numbers to Timothy Prickett
4. The agreed upon charge was $50 per month
5. This $50 included unlimited use of the phone (no minute charges)
6. Unlimited texting
7. There was no charge for the phone
8. There was no charge for any "initiation" fee
9. The phone was eventually lost or broken or stolen.
10. The number(s) for Mr. Prickett were one or more of the following: 990-7855 and/or 692-6437 and/or 852-9719
11. No additional charge for the non returned phone is made
12. Total credit: $250.

John Wollstein

*[signature]*

8

Support data related to Credit Card Charge on behalf of Timothy Prickett

1. On December 23, 2010 I received a call from Timothy Prickett asking for money to buy presents for his children.
2. I offered to give him $500. He said that was not going to be nearly enough and for me to meet him at Wal-Mart that evening.
3. I went to Wal-Mart on Keeaumoku Street as he instructed.
4. Mr. Prickett was there with two carts of expensive items.
5. This consisted mostly of electronic equipment such as computers and thin televisions.
6. There was a large "featured TV" on special in the aisle selling for much less than what he had chosen and I suggested he consider that. He said the one he selected had certain features and thus he wanted the one he selected.
7. The agent rang up the items in the carts. It came to $2,799.91.
8. I gave my charge card to the Wal-Mart agent who used it to pay that amount.
9. I signed the credit card charge papers and left.

*John Wollstein*

John Wollstein

2-5-12

*Am Ex stmt attached*

9

*This is a static report. Any changes to transactions since the reconcile date are not reflected here.*
Report created on 01/16/2011.

Account: 2020.10 _Payable-Credit Cards:AmEx 1007
Statement Date: 12/27/2010
Reconcile Date: 01/16/2011

**Summary**

| | |
|---|---:|
| Opening Balance | 1,117.33 |
| Cleared Transactions | 5,233.59 |
| Ending Balance of Statement | 6,350.92 |
| Uncleared Transactions as of Statement Date | 0.00 |
| Register Balance as of Statement Date | 6,350.92 |
| Uncleared Transactions after Statement Date | 0.00 |
| Register Balance as of Reconcile Date | 6,350.92 |

**Cleared Transactions**

| Date | Type | Num | Payee | Amount |
|---|---|---|---|---:|
| Cleared Charges and Cash Advances | | | | |
| 11/11/2010 | CC-Charge | | Self Storage | 306.84 |
| 11/13/2010 | CC-Charge | | Union 76 | 42.76 |
| 11/14/2010 | CC-Charge | | Office Depot | 42.61 |
| 11/14/2010 | CC-Charge | | Mobi PCS | 143.48 |
| 11/23/2010 | CC-Charge | | Specialty Vendor | 1,976.96 |
| 11/24/2010 | CC-Charge | | Continental Airlines | 471.19 |
| 11/24/2010 | CC-Charge | | Kaiser Medical | 8.35 |
| 11/26/2010 | CC-Charge | | Longs Drugs | 172.39 |
| 11/26/2010 | CC-Charge | | Times Supermarket | 219.15 |
| 11/26/2010 | CC-Charge | | Wailana Coffee Shop | 72.55 |
| 11/26/2010 | CC-Charge | | The Home Depot | 1,280.33 |
| 11/26/2010 | CC-Charge | | AmEx | 13.16 |
| 11/26/2010 | CC-Charge | | FedEx Kinkos | 4.29 |
| 12/02/2010 | CC-Charge | | Kahala Htl & Rst | 52.07 |
| 12/06/2010 | CC-Charge | | Costco | 175.00 |
| 12/11/2010 | CC-Charge | | Sears | 13.61 |
| 12/12/2010 | CC-Charge | | Wal-Mart | 12.86 |
| 12/14/2010 | CC-Charge | | TVDirect | 20.85 |
| 12/15/2010 | CC-Charge | | Salz Lock & Safe | 5.76 |
| 12/16/2010 | CC-Charge | | Hawaii Public Radio | 20.00 |
| 12/22/2010 | CC-Charge | | Wal-Mart | 2,799.91 |
| 12/23/2010 | CC-Charge | | United Airlines | 790.75 |
| 12/27/2010 | CC-Charge | | Longs Drugs | 60.89 |
| 12/27/2010 | CC-Charge | | McDonald's | 32.69 |
| 12/27/2010 | CC-Charge | | Palolo Auto | 60.95 |
| 12/27/2010 | CC-Charge | | Self Storage | 316.27 |
| 12/27/2010 | CC-Charge | | Jellys | 58.46 |
| 12/27/2010 | CC-Charge | | Goodwill Industries | 111.49 |
| 12/27/2010 | CC-Charge | | Kaiser Medical | 36.79 |

1/16/2011 *g*ᵇ

| | | | | | | |
|---|---|---|---|---|---|---|
| John Wollstein, DIP Case No. 11-00098 | | | | | | |
| Payments to Tim Prickettm (# 5 on Summary) | | | | | | |
| January 15 - December 31, 2011 | | | | | | |
| | | | | | | |
| Date | Type | Num | Name | Memo/Description | Payments to TP | Balance |
| 16.0208 91-449 Ewa Beach | | | | | | |
| 01/25/2011 | Check | 4397 | Timothy Prickett | FH 5216 | 500.00 | 500.00 |
| 02/07/2011 | Check | 4433 | Timothy Prickett | FH 5216 | 100.00 | 600.00 |
| 02/22/2011 | Check | 4495 | Timothy Prickett | FH 5216 | 500.00 | 1,100.00 |
| | | | | | | |
| Total for 16.0208 91-449 Ewa Beach | | | | | 1,100.00 | 1,100.00 |

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 343   Filed 02/22/12   Page 47 of 54

Pd on behalf
of TP
by TS

**RENTAL STATEMENT**

**PHONE (808) 488-5742**

*Harbor Shores Apartments, Inc.*

98-145 Lipoa Place
Aiea, Oahu, Hawaii  96701

58111                               Date  2 / 1 / 20 11

GUEST  Prickett, Tim

APARTMENT NO.  313     RATE PER DAY  $

THIS STATEMENT FOR PERIOD INDICATED BELOW

FROM  2 / 1 / 20 11   TO AND INCLUDING   2 / 1 / 20 11

| Remarks | | | |
|---|---|---|---|
| | **TOTAL DAYS** | 1 | |
| Cash Daily | TOTAL RENTAL FEE | $ 101. 00 | |
| | (OTHER) | $ | |
| | **STATE TAX** | $ | |
| | **TOTAL DUE** ▶ | $ 101. 00 | |

RECEIVED BY  C. Aweau

THANK YOU!         *It was a pleasure to serve you.*

**T. L. A. APPROVED**

8810020508 ©2009, RR Donnelley. All rights reserved. - 0657

6

| Date | Type | Num | Name | Memo/Description | Payment | Balance |
|------|------|-----|------|------------------|---------|---------|
| John Wollstein | | | | | | |
| Rent and Related Expenses Pre Petition (#4 on Summary) | | | | | | |
| September 1, 2009 to May 17, 2010 | | | | | | |
| | | | | | | |
| | | | | | | |
| **Date** | **Type** | **Num** | **Name** | **Memo/Description** | **Payment** | **Balance** |
| **16.0208 91-449 Ewa Beach** | | | | | | |
| | | | | | | |
| 09/01/2009 | | | Rent due @ $150/day | 09/01/09 to 05/17/10 | 38850.00 | 38850.00 |
| | | | (259 days) | | | |
| | | | | | | |
| 10/08/2009 | Check | 2692 | Board of Water Supply | Utilities | 625.92 | 39475.92 |
| 01/08/2010 | Check | 2946 | Board of Water Supply | Utilities | 923.45 | 40399.37 |
| 02/10/2010 | Check | 3032 | Board of Water Supply | Utilities | 2186.90 | 42586.27 |
| 04/02/2010 | Check | 3249 | Board of Water Supply | Utilities | 802.98 | 43389.25 |
| 05/12/2010 | Check | 3426 | Board of Water Supply | Utilities | 756.26 | 44145.51 |
| | | | | | | |
| Total for 16.0208 91-449 Ewa Beach | | | | | 44145.51 | 44145.51 |

Page 1 of 1





2697, 10/9/2009, $46.65

2689, 10/9/2009, $76.81

2690, 10/13/2009, $277.67

2691, 10/13/2009, $283.44

2692, 10/13/2009, $625.92

2693, 10/13/2009, $526.50

2694, 10/13/2009, $70.96

2696, 10/22/2009, $37.00

TAB CM-2102A (Rev. 3/18)





2944, 1/20/2010, $78.99



2945, 1/22/2010, $487.56



2946, 1/22/2010, $923.45



2947, 1/20/2010, $572.05

2948, 1/20/2010, $317.00

2949, 1/20/2010, $475.88

2950, 1/20/2010, $397.13

$1,8-11   2951, 1/20/2010, $137.91

TAB CM-2102A (Rev. 3/1/00)

U.S. Bankruptcy Court - Hawaii   #11-00098   Dkt # 343   Filed  02/22/12   Page 51 of 54



3030, 2/9/2010, $30.00

3031, 2/10/2010, $306.00

3032, 2/11/2010, $2,186.90

3033, 2/10/2010, $188.90

3034, 2/17/2010, $500.00

3036, 2/17/2010, $1,111.48

3037, 2/22/2010, $20.00

3038, 2/17/2010, $378.64

3



4/30/2010, $500.00

4/22/2010, $2,800.00





5/4/2010, $1,185.00

4/13/2010, $2,070.00





3090, 4/16/2010, $274.36

3220, 4/20/2010, $750.00



3248, 4/9/2010, $390.16

3249, 4/9/2010, $802.98



3422, 5/18/2010, $282.71



3425, 5/17/2010, $400.81



3426, 5/17/2010, $756.26



3427, 5/14/2010, $76.13



3428, 5/14/2010, $76.13

3429, 5/14/2010, $298.69



3430, 5/14/2010, $95.63



3431, 5/14/2010, $270.19

5