WAGNER CHOI & VERBRUGGE
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com  aito@hibklaw.com

Attorneys for Debtor
and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>JOHN DEHART WOLLSTEIN,<br><br>Debtor and<br>Debtor-in-possession | Case No. 11-00098<br>(Chapter 11)<br><br>Confirmation Hearing<br><br>Date: May 14, 2012<br>Time: 9:30 a.m.<br>Judge: Hon. Robert J. Faris |

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF ORDER CONFIRMING DEBTOR'S FOURTH
AMENDED PLAN OF REORGANIZATION DATED AS OF JUNE 29, 2012

The hearing on confirming ("Confirmation Hearing") of the Debtor's

Third Amended Plan of Reorganization Dated as of April 24, 2012, which has been

amended by the Debtor's Fourth Amended Plan of Reorganization Dated as of

June 29, 2012 ("Plan")[1], was held on May 14, 2012, at 9:30 a.m., before the Honorable Robert J. Faris, United States Bankruptcy Judge for the District of Hawaii. Appearances were as noted in the record. Having considered all of the pleadings filed in support and in opposition to confirmation, and based on the record in this case, the arguments and representations of counsel, Declaration of John Wollstein in Support of Confirmation of Plan of Reorganization, and good cause appearing, the court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. John DeHart Wollstein ("Debtor") is the debtor and debtor-in-possession in Chapter 11 Case No. 11-00098, which was commenced by the filing of a voluntary petition on January 14, 2011 under Chapter 11 of the Bankruptcy Code.

### Approval of the Disclosure Statement, Solicitation:

### Confirmation Hearing

2. On January 26, 2012, the Bankruptcy Court entered that certain Order Approving Motion for to Approve Amended Disclosure Statement for Plan of Reorganization Dated as of January 23, 2012, Balloting Procedures and Scheduling Deadlines ("Solicitation Order") that, among other things, (a) approved the

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Plan

U.S. Bankruptcy Court - Hawaii #11-00098 Dkt # 426 Filed 07/05/12 Page 2 of 18

Disclosure Statement pursuant to Bankruptcy Code § 1125 and Federal Rule of Bankruptcy Procedure ("Rule") 3017, (b) established March 12, 2012, as the date for the Confirmation Hearing, (c) approved the form and method of notice of the confirmation hearing ("Confirmation Hearing Notice), (d) established procedures for soliciting and tabulating votes with respect to the Plan, and (e) established procedures governing the Confirmation Hearing.

3. In accordance with the Solicitation Order, the following items were transmitted: (a) the Disclosure Statement, (b) the Confirmation Hearing Notice (as defined in the Solicitation Order), and (c) with respect to those creditors in classes entitled to vote under the Plan and the Solicitation Order, a Ballot (as defined in the Solicitation Order). All of said documents were transmitted to the appropriate parties on or before January 27, 2012. Such service was adequate and proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required.

4. On February 7, 2012, Debtor filed his Memorandum In Support of Confirmation of Debtor's [Second Amended] Plan of Reorganization Dated as of January 23, 2012; Declaration of John Dehart Wollstein. *See* Docket # 335.

5. On February 15, 2012, the Plan Confirmation Hearing was moved from March 12, 2012 to April 16, 2012. *See* Docket #s 339, 340.

6. Several objections to Debtor's Second Amended Chapter 11 Plan

3

dated as of January 23, 2012 were filed by (1) Ebbtide LLC (Docket #337) (2) Green Tree Servicing, LLC (successor in interest to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP) (Docket #341); (3) The Bank of New York Mellon FKA The Bank of New York (Docket # 351); (4) Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P. (Docket #352, 354); (5) Wells Fargo Bank, N.A.(Docket #353, 357, 358); (6) US Bank National Association (Docket #355, 356); (7) Department of Taxation, State of Hawaii (Docket #365) (collectively "Objections to the Second Amended Plan").

7. On March 5, 2012, Debtor filed the Declaration of Allison A. Ito relating to Voting Tabulation, attesting and certifying the method and results of the ballot tabulation for the Classes of Claims entitled to vote to accept or reject the Plan ("Ballot Tabulation"). On April 9, 2012, Debtor filed a Supplemental Declaration of Allison A. Ito relating to Ballot Tabulation. Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order.

8. On April 9, 2012, the Debtor filed an Omnibus Reply to Objections to Second Amended Plan of Reorganization. *See* Docket #373.

9. On April 24, 2012, Debtor filed his Third Amended Chapter 11 Plan of Reorganization dated as of April 24, 2012. *See* Docket #385.

4

10. Objections to the Third Amended Chapter 11 Plan of Reorganization dated as of April 24, 2012 were filed by: (1) U.S. Bank National Association (Docket #397); (2) Wells Fargo Bank N.A. (Docket #398); (3) Bank of America N.A. (Docket #399, 400); (4) PNC Bank N.A. (Docket #401); (5) The Bank of New York Mellon f/k/a Bank of New York (Docket #402); (6) Department of Taxation for State of Hawaii (Docket #403); and (7) Green Tree Servicing, LLC (Docket #405) (collectively, "Objections to the Third Amended Plan").

11. On May 11, 2012, The Department of Taxation for the State of Hawaii withdrew its objection. *See* Docket #406.

12. On May 11, 2012, the Debtor filed an Omnibus Reply to Objections to Debtor's Third Amended Chapter 11 Plan of Reorganization Dated as of April 24, 2012. *See* Docket # 407.

13. On June 29, 2012, the Debtor filed his *Fourth* Amended Chapter 11 Plan of Reorganization dated as of June 29, 2012. *See* Docket #420.

14. This Bankruptcy Court ~~takes judicial notice of~~ has considered the docket of the Case maintained by the Clerk of the Bankruptcy Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Case.

15. The Debtor has the burden of proving the elements of section 1129 of

5

the Bankruptcy Code by a preponderance of evidence, and has done so as set forth herein.

16. To the extent not resolved or withdrawn, the Objections to the Second Amended Plan and the Objections to the Third Amended Plan, are overruled in all respects.

## Bankruptcy Code Requirements For Confirmation and Classification

17. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates thirty-one (31) Classes of Claims (inclusive or subclasses) and one Class of Interests. The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

18. The Plan specifies that Classes 1A - 1D, 2B, 2C, 3D, 3E, 5, 7, 8 and 15 are not impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code. Said Classes are deemed to have accepted the Plan because they are not impaired under the Plan.

19. The Plan designates that Classes 2A, 2D, 2E 3A, 3C, 3F, 4A, 4B, 4C, 6 and 9 through 14, are impaired and specifies the treatment of Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy

6

Code.

20. The interest of the existing equity holder of Debtor (Class 16) will be preserved under the Plan and Class 16 is deemed to have accepted the Plan.

21. Votes to accept and reject the Plan have been solicited from creditors holding Claims in Classes 2A, 2D, 2E 3A, 3B, 3C, 3F, 4A, 4B, 4C, 6 and 9 through 14. Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and industry practices.

22. As set forth in the Ballot Tabulation, Classes 12, 13, and 14 voted to accept the Plan. Classes 2D, 2E, 3A, 3B, 3F, 6, 9 and 11B voted to reject the Plan.

### **Treatment of Secured Claims**

23. The holders of Allowed Secured Claims (Classes 1A-1D, 2B, 2C, 3D, 3E, 5, 7, and 8 will receive at least as much as they would receive in a case under chapter 7 with respect to those Secured Claims. The treatment of Classes 2A, 2D, 2E, 3A, 3B, 3C, 3F, 4A, 4B, 4C, 6, 9, 10, 11A, 11B, 12, and 13 is fair and equitable and does not unfairly discriminate against said Classes. In each case, the holders of claims in Classes 2A, 2D, 2E, 3A, 3B, 3C, 3F, 4A, 4B, 4C, 6, 9, 10, 11A, 11B, 12, and 13 their respective liens under the Plan and will receive deferred cash payments totaling at least the allowed amount of their respective claims as of the Effective Date of the Plan.

7

## Unsecured Claims

24. The holders of Allowed General Unsecured Claims will receive substantially more than they would receive in a case under chapter 7 liquidation because if the assets of the Debtor were liquidated outright, there would not be sufficient funds to make a full distribution to Class 14. Under the Plan Class 14 will receive 100% of their allowed claims with interest at the rate of three percent (3%) per annum in twelve (12) equal quarterly installments, beginning on the ninetieth day after the Effective Date. As a result, holders of Allowed Class 14 Claims will receive more under the Plan than they would receive if Debtor's case were converted to a case under chapter 7.

25. Class 16 will retain its Equity Interests under the Plan. Class 16 would not receive any consideration if Debtor's case were converted to a case under chapter 7.

26. The Plan provides for the same treatment for each Claim or Interest in each respective Class, unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

## Means of Implementation

27. The Plan provides adequate and proper means for the Plan's implementation.

U.S. Bankruptcy Court - Hawaii    #11-00098    Dkt # 426    Filed 07/05/12    Page 8 of 18

28. The deposit ~~of~~ no less than One Hundred Thousand Dollars ($100,000) ~~pJF~~ into the Liquidation Fund on the Effective Date of the Plan will provide Debtor with sufficient resources to pay all costs of emergence.

29. The Debtor has demonstrated adequate assurance of future performance with respect to the assumed agreements and leases. No party to an executory contract has objected to the Plan or the assumption or assignment of any executory contract or lease.

30. The Debtor exercised sound and considered business judgment in the formulation of the Plan. The Debtor has demonstrated sound business purpose and justification for the Plan, pursuant to Bankruptcy Code § 363(b).

31. All fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

## CONCLUSIONS OF LAW

### Jurisdiction and Venue

32. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

33. The Bankruptcy Court has jurisdiction over the Case pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue is proper

9

U.S. Bankruptcy Court - Hawaii #11-00098 Dkt # 426 Filed 07/05/12 Page 9 of 18

pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and exclusive jurisdiction over all of the Debtor's assets.

## Confirmation Requirements

### Section 1129(a)(1)

34. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a) of the Bankruptcy Code.

    (a) The Plan properly places substantially similar claims in each class and designated such classes of claims, thereby satisfying sections 1122 and 1123(a)(1) of the Bankruptcy Code;

    (b) The Plan specifies the treatment of each Class that is not impaired, thereby satisfying section 1123(a)(2);

    (c) The Plan specifies the treatment of each Class that is impaired, thereby satisfying section 1123(a)(3);

    (d) The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying section 1123(a)(4);

    (e) The Plan provides for the adoption and implementation

U.S. Bankruptcy Court - Hawaii #11-00098 Dkt # 426 Filed 07/05/12 Page 10 of 18

of all corporate actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to, and in accordance with the Plan provisions, thereby satisfying section 1123(a)(5);

    (f)    Sections 1123(a)(6) through 1123(a)(8) do not apply to the Debtor;

    (g)    The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

    (h)    The Plan is dated and identifies the entities submitting it as proponents, thereby satisfying Bankruptcy Rule 3016(a).

### Section 1129(a)(2)

35.    The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

    (a)    The Debtor is a proper debtor under section 109 of the Bankruptcy Code;

    (b)    The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and

    (c)    The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents

U.S. Bankruptcy Court - Hawaii #11-00098 Dkt # 426 Filed 07/05/12 Page 11 of 18

and notices and in soliciting and tabulating votes on the Plan.

## Section 1129(a)(3)

36. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The good faith of the Debtor is evident from the facts and records of these cases, the Disclosure Statement and the hearings thereon, and the record of the Confirmation Hearing and other proceedings held in these cases. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and to effectuate a successful reorganization of the Debtor.

37. The injunctive provisions of the Plan and the Confirmation Order implement the Debtor's discharge. Moreover, the Plan provides a mechanism for parties in these cases to seek relief from the injunctions.

## Section 1129(a)(4)

38. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's chapter 11 cases, or in connection with the Plan and incident to the Debtor's chapter 11 case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4).

## Section 1129(a)(5)

39. *[handwritten: To the extent applicable,]* The Debtor has complied with section 1129(a)(5) of the Bankruptcy *[handwritten initials: RJF]*

12

U.S. Bankruptcy Court - Hawaii    #11-00098    Dkt # 426    Filed 07/05/12    Page 12 of 18

Code. ~~The identities of the individuals to serve manager of the Debtor and as officers of the Debtor as of the Effective Date were fully disclosed. The appointment to, or continuance in, such offices of such persons is consistent with the interests of holders of Claims against and Equity Interests in the Debtor and with public policy.~~ The identity of any insider that will be employed or retained by the Debtor after the Effective Date and the nature of such insider's compensation have ~~also~~ been fully disclosed.

### Section 1129(a)(6)

40. Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Debtor.

### Section 1129(a)(7)

41. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analyses provided in the Disclosure Statement (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that each holder of a Claim or Interest in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that holder would receive or retain if each Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

### Section 1129(a)(8)

13

U.S. Bankruptcy Court - Hawaii #11-00098 Dkt # 426 Filed 07/05/12 Page 13 of 18

42. Classes 1A-1D, 2B, 2C, 3D, 3E, 5, 7, 8 and 15 are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Classes 12, 13, and 14 have voted to accept the Plan in accordance with sections 1126(e) and (d) of the Bankruptcy Code. Classes 2D, 2E, 3A, 3B, 3F, 6, 9 and 11B have voted to reject the Plan. The requirements of Section 1129(a)(8) have not been satisfied in that at least one class of impaired creditors has voted to reject the Plan, however, the cram down provisions of Section 1129(b) as set forth below have been met by the Plan.

### Section 1129(a)(9)

43. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

### Section 1129(a)(10)

44. At least one Class of Claims against Debtor that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code. Classes 12, 13, and 14 satisfy this requirement.

### Section 1129(a)(11)

45. The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need

14

for further financial reorganization, of the Debtor, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

46. In order to satisfy Bankruptcy Code § 1129(a)(11), the Plan Proponents need not prove that there is an absolute certainty that the conditions to confirmation will be met. On the contrary, the plan proponent need only show that the Plan offers a reasonable assurance of success. The Plan has the requisite level of likelihood of success.

## Section 1129(a)(12)

47. All fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Court, have been paid or will be paid pursuant to the Plan, the terms of which are satisfactory to the Debtor and the United States Trustee, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

## Section 1129(a)(13)

48. Bankruptcy Code § 1129(a)(13), which requires a plan to provide for the continuation of payment of all "retiree benefits" (as defined in Bankruptcy Code § 1114(a)), is inapplicable in the instant case as the Debtor does not have any such obligations.

## Section 1129(b)

49. Upon confirmation and the occurrence of the Effective Date, the Plan

U.S. Bankruptcy Court - Hawaii #11-00098 Dkt # 426 Filed 07/05/12 Page 15 of 18

shall be binding upon the members of each Rejecting Class.

## Other Matters

50. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. No governmental agency with standing to raise an objection pursuant to Bankruptcy Code § 1129(d) has, in fact, raised any such objection. This is strong evidence that the principal purpose of the Plan is not tax avoidance.

51. All modifications to the Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not require additional disclosure under Bankruptcy Code §§ 1125 or 1127(a), or re-solicitation of votes under Bankruptcy Code § 1126, nor do they require that holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

52. Based on the record before the Bankruptcy Court in this Case, the Debtor and his agents, representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code § 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their

16

U.S. Bankruptcy Court - Hawaii    #11-00098    Dkt # 426    Filed 07/05/12    Page 16 of 18

participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

53. Article VII of the Plan governing the assumption and rejection of executory contracts and unexpired leases satisfies the requirements of sections 365 and 1123(b)(2) of the Bankruptcy Code, including the requirement that adequate assurance of future performance under the Assumed Executory Contracts will be provided.

54. The release and injunction provisions contained in the Plan are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Interests and other interested parties in accordance with the requirements of due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtor and his Chapter 11 Estate.

55. Each term and provision of the Plan is valid and enforceable pursuant to its terms.

56. The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

57. The Debtor has satisfied the requirements of Bankruptcy Code section 365(b)(1) in connection with the assumption of the Assumed Executory Contracts.

Each of the Assumed Executory Contracts is an executory contract or an unexpired lease of the Debtor under Bankruptcy Code section 365. All conditions for the assumption by the Debtor of each Assumed Executory Contract to which it is a party have been satisfied.

58. The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Section 10.1 of the Plan and Bankruptcy Code Section 1142. It is appropriate for this Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Plan; (b) enforce the Assumed Executory Contracts; and (c) resolve any disputes arising under or related to the Plan.

59. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

*/s/ Robert J. Faris*
**United States Bankruptcy Judge**
Dated: 07/05/2012

*In re John DeHart Wollstein;* Case No. 11-00098; FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTOR'S FOURTH AMENDED PLAN OF REORGANIZATION DATED AS OF JUNE 29, 2012

U.S. Bankruptcy Court - Hawaii #11-00098 Dkt # 426 Filed 07/05/12 Page 18 of 18